Balcom, Justice.
The affidavits which have been read, clearly show that the defendant received and paid out about $200 in money, subsequent to the time the order was served on him; but it is claimed by his counsel that such money was earned by him as a clerk, after the order was served; and that it only restrained him from interfering with such property as he had when it was granted.
There is some uncertainty as to whether the defendant earned the money after the order was made; but such uncertainty enures to his benefit, for the reason that he should not be punished as for a contempt, unless the affidavits show beyond a reasonable doubt that he disobeyed the order. I cannot say within this rule that the money the defendant has received and paid out, or any part of it, was due him or earned by him prior to the date of the order.
The main legal proposition to be determined, is whether the-order restrained the defendant from receiving and disposing of his wages that he earned after it was made. It was settled by Chancellor Walworth, that a creditor could not on a bill in equity reach the effects of his judgment debtor, which he earned or acquired after the ■commencement of the suit; and that what he earned or acquired thereafter, could be obtained only by means of a supplemental bill. (8 Paige, 568 ; 2 Barb. Ch. Pr. 153,) And-this court held at a .general term in the 7th district, in 1851, that :the debtor might receive and pay out money he acquired after the granting of an order forbidding him to interfere with his property. (13 Barbour, 335.) The principle was *545 then settled that such an order only affects the right of the debt- or to interfere with or dispose of such property and effects hs he has when it is made.
The plaintiff’s counsel has argued that the Oode as it now exists, makes the order so far prospective in its operation as to restrain the debtor from receiving or paying out money earned by him subsequent to its date. The amendment which has been made to section 297 since 1851, gives the debtor the earnings for his personal services at any time within sixty days, “ next preceding the order,” when the same are necessary for the use of a family supported wholly or partly by his labor. This provision certainly does not affect the right óf the debtor to what he earns after the granting of the order. The defendant .has no family, but the order does not restrain him from receiving and using money earned by him after it was granted, any more than it would if he had a family that he supported wholly or partly by his labors. The order is the same whether the judgment debtor be married or unmarried, or whether he supports a family or not.
The authority to enjoin the debtor is in these words: “ The judge may also by order forbid a transfer or other disposition of the property of the judgment debtor not exempt from execution, and any interference thereivith.” (Code, § 298.) The property here mentioned, is that which the debtor has when thé order is made, and not such as he afterwards acquires. If the legislature had intended the order should forbid the debtor transferring or disposing of his future earnings or acquisitions, other and more appropriate words would have been employed to convey that idea ; and it is probable that some provision would have been made for supporting the debtor, at the expense of the county during the time he should be restrained from receiving or using wages earned by him subsequent to the date of the order. I have no doubt but that the meaning of the section referred to, is that the order shall only forbid the transfer or other disposition of such property as the debtor has when it is made.
My conclusion therefore is, that the defendant has not dis *546 obeyed the order served on him, and that the motion to require him to show cause why he should not be punished as for a contempt under section 802 of the Code, for disobeying the order, must be denied with $10 costs.