## SANDS *a.* ROBERTS.

*New York Common Pleas; at Chambers, February*, 1859.

### SUPPLEMENTARY PROCEEDINGS.

After a receiver of defendant's property had been appointed, in proceedings supplementary to execution against the defendant instituted by plaintiff, the defendant's household furniture was destroyed by fire; the furniture was such as is exempt from execution, and therefore was not reached by the supplementary proceedings; but it was insured at the time of the fire.

*Held,* that the claim for the insurance moneys was subsequently acquired property, which did not pass to, and could not be enforced by, the receiver.

Motion to modify an order in supplementary proceedings.

At the time that the defendant was enjoined by an order in supplementary proceedings, from interfering with his property, and a receiver thereof appointed, he was owner of household furniture to the value of from three hundred to six hundred dollars, and which he claimed to be exempt by law from execution. This was subsequently destroyed by fire. It was insured, and he moved for an order modifying the order restraining him, so as to permit him to make and present to the insurance company proof of his loss, and to apply the insurance moneys to replacing the articles exempt from execution, which had been destroyed. The motion was granted, so far as to allow him to collect the moneys, and the residue of the motion was reserved to be brought on upon two day's notice. This he now did, and asked for an order allowing him to appropriate the moneys in replacing the furniture.

*W. H. Wait*, for the motion.

*Lewis Johnson*, opposed.

HILTON, J.—The supplementary order for the defendant's examination was granted August 6, 1858, and on the 24th of the same month a receiver was appointed under the proceedings thus instituted.

About September 1, 1858, the defendant's household furniture, which was by law exempt from execution, and could not be reached under these proceedings, was destroyed by fire, whereby the Astor Fire Insurance Company became indebted to him to the extent of its value, under a policy or contract of insurance issued by them in respect to it.

I am asked upon this motion, to which the plaintiffs and defendant *alone* are parties, to declare who is entitled to the moneys arising upon this policy.

As I cannot perceive how the money can be reached by the present proceeding, it seems quite unnecessary for me to express any opinion upon the question, whether the proceeds of the furniture, or the indebtedness arising out of its destruction by fire, is subject to the same exemption as the furniture was, at the time these proceedings were commenced.

A proceeding of this character only reaches property in the possession of the defendant at the time of the service upon him of the order for his examination; and on the appointment of the receiver, all the defendant's property and effects, including debts and choses in action, pass without any assignment (Porter *a.* Williams, 5 *Seld.*, 141), for the purpose of being applied in payment of the judgment against him.

It does not, however, affect property subsequently acquired, or a debt which afterwards arises. To reach either, new proceedings are necessary.

As the claim in this case against the insurance company arose subsequent to the appointment of the receiver, it seems quite clear that no interest in it passed to him, and the plaintiffs not being in a position to raise any question in respect to it, I cannot do otherwise than dismiss the application.