## HALL *a.* McMAHON.

*New York Common Pleas; Special Term, November,* 1859.

SUPPLEMENTARY PROCEEDINGS.—STIPULATION EXPLAINED.

Where a judge is asked to make an order in supplementary proceedings requiring the application of property alleged to belong to the defendant, but in the possession of and claimed by another, the testimony should show beyond reasonable doubt that the claim is unfounded, and used merely as a cover.

Even if this is shown, yet if the property is such as may be levied on, the plaintiff may properly be left to his execution.

Where the evidence merely excites a suspicion that property which might be levied on was transferred in fraud of the creditor, and without consideration, its application should not be compelled by an order.

A stipulation on the part of the debtor, stating the cause of action to be money received, and allowing judgment to be entered, held not conclusive on a motion for execution against the person on the ground that the cause of action was one for which an arrest was allowed.

Motions for several orders in supplementary proceedings, and for execution against the person.

The plaintiff, having obtained judgment against the defendant, commenced supplementary proceedings against him under section 292 of the Code ; and obtained an order forbidding him from interfering with his property. Upon the return of the order a reference was directed to examine the defendant and witnesses. The nature of the testimony sufficiently appears in the opinion.

Upon the report of the referee, the plaintiff now moved for an attachment against the defendant for a contempt in disobeying the order restraining him from interfering with his property, and for an order that certain moneys, shown by the testimony to be in the hands of a third party, be paid over to the plaintiff, and for an order that a receiver be appointed.

The action was originally brought in the Marine Court to recover for work, labor, and services rendered by the plaintiff to defendant. It appears that the work was done on a vessel, and that the defendant had undertaken, by a written agreement with plaintiff, to proceed to collect from the vessel the claim in suit, together with a claim held by the defendant. On the trial in the Marine Court, the defendant gave a stipulation allowing judgment to be entered against him for a certain proportion of the claim, " said percentage having been recovered and received by the defendant herein in an action against" the vessel in question. Judgment was accordingly entered, and it was upon this judgment that the present proceedings were taken.

At the same time with the motion for an attachment, receiver, &c., the plaintiff moved for leave to issue an execution against the person. His affidavit for this purpose, alleged that the action was for money received and converted by the defendant, and set forth the stipulation. The defendant's affidavit, in opposition, denied that this was the cause of action, and set forth the history of the case, alleging that he had never yet received any thing from the claims against the vessel, and explaining the stipulation as having been signed by him, if at all, under a mistake as to its terms.

*James S. Stearns,* for the motions.

Hall *a.* McMahon.

*J. M. Sheehan*, opposed.

HILTON, J.—In supplementary proceedings, where a judge is asked to make an order requiring property alleged to belong to the defendant, but in the possession of and claimed by another, to be delivered over to a receiver, the testimony should show beyond a reasonable doubt that the claim is without any foundation in fact, and used merely as a cover to protect the defendant's property from the just demands of his creditors. And even in such a case, where the property is capable of being levied on, there would be no impropriety in refusing the order—leaving the plaintiff to his remedy by a levy upon the property, under an execution issued upon his judgment.

Here, the most, I think, that can be said of the evidence taken before the referee is, that it excites a suspicion that the bill of sale by the defendant to his nephew was without adequate consideration, and made upon some secret understanding by which he was to have an interest in the business thereafter carried on by the nephew.

This is not enough to justify me in making the order applied for. If, as the plaintiff contends, the property described in the bill of sale, and the horse, are clearly the property of the defendant, there will be no risk incurred by taking them upon execution, which he can issue at any moment, or they may be reached through an action brought by the receiver.

---

In respect to the application for an execution against the person of the defendant, it is sufficient to say, that the evidence upon the trial of this cause showed that the action was brought to recover for work, labor, and materials furnished to the defendant, and although the stipulation signed at the time by the defendant gives some ground for supposing that the recovery was for moneys had and received by the defendant as belonging to the plaintiff, yet that supposition is entirely overcome by the affidavit of the defendant, and the agreement signed by the parties in March, 1854.

Therefore, the only order granted will be that for the appointment of a receiver; all the others are refused.