## WOODMAN *a.* GOODENOUGH.

*Supreme Court, First District; At Chambers, January,* 1865.

SUPPLEMENTARY PROCEEDINGS.—ORDER UNDER § 292.

Future earnings cannot be reached by an order in supplementary proceedings.
Property in the hands of a third party can be summarily reached only by proceedings under section 294 of the Code, and if an order in proceedings under section 292, provides for the payment by a third party of property of the judgment-debtor in his hands, it may, on motion, be stricken out.

Motion to strike out part of an order.

The plaintiff, Henry Woodman, having taken proceedings supplementary to execution under section 292 of the code, and having examined a witness therein, and it appearing on the face of such examination, that the witness had agreed to pay to the judgment-debtor a tariff on goods to be thereafter manufactured by the witness in accordance with a patent procured by the defendant Rollin A. Goodenough, had obtained order for the appointment of a receiver, there being inserted in such order a direction that the witness should pay to the receiver such tariff as should arise. The judgment-debtor, on affidavits that the witness had not agreed to pay such tariff, and had not so testi-

fied, now moved to strike out the portion of the order relating to the witness. The court declined to enter into the discussion of the facts, and rendered the following decision.

*E. H. Hawke*, for the motion.

*A. Johnes*, opposed.

INGRAHAM, J. (orally.) In proceedings under section 292, no order can be made affecting the rights of third parties. They have the right to be examined before such an order is made. If the plaintiff desires such an order, he must proceed under section 294. There is another fatal objection to the order as it stands. The order provides for the payment of moneys hereafter to become due, as the goods shall be manufactured under the debtor's patent. No such prospective order can be made in supplementary proceedings.

Motion granted, but without costs.

---

OPDYKE *a.* MARBLE.

*Supreme Court, First District; Special Term, October,* 1864.

DISCOVERY AND INSPECTION.—SCANDALOUS AFFIDAVIT.

The Revised Statutes authorize the court to compel discovery and inspection of books and papers, only in cases where it would have been allowed by the principles or practice of the former Court of Chancery, and therefore it is not allowable in an action for libel.

An affidavit on information and belief that the books of a corporation or individuals will show the names of the proper defendants, is not sufficient foundation for an order for the discovery of such books.

The court cannot grant a discovery to ascertain the name of persons proper to be made parties to the action, but only to help the plaintiff in stating his cause of action.

The agents of a corporation cannot, in their individual capacities, be compelled to discover the books of the corporation; and on a motion to require them to do so, the court will not enter into the question whether the incorporation is fictitious.

Scandalous portions of an affidavit may be stricken out.