# N. Y. COMMON PLEAS.

## ATKINSON agt. SEWINE.

An *injunction order* only affects property received, earned or due the judgment debtor *before* the making of the order.

Where the judgment debtor borrowed $100, to pay his rent, after the injunction order in supplementary proceedings was made, but did not pay his rent until after it was served upon him :

*Held*, that he was not in contempt for disobeying the order.

*Special Term, August,* 1871.

MOTION to punish for contempt in disobeying an injunction in supplementary proceedings.

It seems, that after the order was granted, and just prior to the time when the same was served on the judgment debtor, he borrowed a check for $100, for the purpose of paying his rent, which amounted to that sum, and which was then past due.

It also appeared that the maker of said check was not indebted to the judgment debtor in any sum whatever, but advanced or loaned the same to him, as an accommodation to enable him to pay his said rent.

After the defendant received the said check, and after the service of the injunction upon him, summary proceedings were commenced by the landlord to dispossess him and his family from the premises occupied by them, whereupon he paid his rent with the check in question.

R. H. CHANNING, *for plaintiff.*
W. C. CARPENTER, *for defendant.*

LOEW, *J.*—There seems to be considerable doubt whether

an injunction granted in supplementary proceedings, binds property which has been received by the defendant between the granting of an injunction and its service upon the defendant.

In this case, the defendant received, after the injunction had been granted and before its service upon him, a check for one hundred dollars.

After the service of the injunction, he disposed of this check, and the plaintiff claims, that this was a violation of the injunction, for which the defendant can be punished, as the order bound everything which the defendant had in his possession at the time of its service.

In support of this view, is cited the case of *Sands* agt. *Roberts*, (8 *Abb.*, 343), in which Judge HILTON, evidently takes the view, that the order affects property in the debtor's hands at the time of the service of the order. On the other hand, it is contended, that the order only affects property received, earned, or due before the making of the injunction order *Campbell* agt. *Genet*, (2 *Hilt.*, 290), and cases there cited. This being a general term decision of this court, must control as long as it remains unreversed, and must control my decision.

Motion denied, without costs.