Robinson, J.
[After stating the facts.]—If any ambiguity or uncertainty existed in respect to his expenditure of the $5,000 it resulted from plaintiffs failure to elicit or disclose the particulars. The proceeding is one not merely for purposes of discovery, but in any final order for an appropriation of any property applicable to the claim of the plaintiff, the right to any such application must be made to appear manifest and clear. Plaintiff’s right to exact a peremptory order from the court for payment of his debt from any fund *359 or property of the defendant that he has discovered does not, as the claim made on his part would seem to imply, ensue from the fact that the defendant, against whom he proceeds, had, in 1875, been possessed of money or property as to which he was unable to account for its disposition, but solely upon facts disclosing, upon reliable evidence, that when the injunction was served the defendant actually had in his possession or under his control property applicable to the judgment. The procedure of showing defendant at some anterior period possessed of some such property which rendered him accountable for its disposition, might be applied to other relations of trust, but not in that of debtor and creditor. This proceeding in no respects shows that defendant had in his possession when the injunction was served any money or property applicable to plaintiff’s judgment, and it is therefore dismissed; but on account of defendant’s prior remissness in his explanations, without costs.