Browne, J.
— The facts disclosed establish a judgment recovered against the defendant in favor of the plaintiff for *373 $619.83, on September 7, 1882, in this court; a return of the execution thereon unsatisfied ; an order thereon to examine the defendant as judgment debtor; the appointment of George E. Ilyatt as receiver of the defendant. I infer that a second order for defendant’s examination in supplementary proceedings was granted and served upon him on April 10, 1884. Upon that order a motion was thereafter regularly made by plaintiff to compel the defendant to pay $215 to the receiver, which plaintiff claimed the defendant was entitled to receive from the New York Cafe Company, and which he, the defendant, pretended to have disposed of by delivering to his attorney, for prior services, a check of the company dated April eighth. Upon that motion the defendant and his attorney declared the check was in truth and fact passed to the attorney on the eighth of April, and that it had not been in the possession or under the control of the defendant since that date; an order was made referring two questions of fact involving the truth of the claim of the defendant relative to the transfer of the check to George C. Lay, esq., to take testimony and report his opinion thereon; the testimony was taken, and the referee, a careful and competent lawyer, reported, in substance, that the defendant’s claim was true; that he parted with the check on April 8, 1884, to his attorney in good faith ; the testimony was taken by a stenographer, and was voluminous; the referee’s report was confirmed, and the defendant allowed his costs, but in the same order he was required to pay the fees of the referee and stenographer, and his own witnesses’ fees, and, upon such payment, credit was to be given therefor upon the judgment above mentioned.
It- is fair to assume that the learned justice in making the order of reference was moved thereto by the charge of plaintiff that he would, upon a reference, establish that the defendant disobeyed the injunction contained in the order. The plaintiff having failed, however, to establish the charge of disobedience, and also failed in discovering any money or *374 other property applicable to the judgment, the justice, upon the motion to confirm the referee’s report, properly allowed to the defendant his costs and disbursements in the proceeding, and charged the plaintiff therewith. This he was authorized to do (Code, sec. 2456). This seems to be the practical interpretation of the order, from the fact that it directs that credit be given to the defendant upon the plaintiff’s judgment for the sum thus paid. But the order, in its direction to the defendant to first pay the fees of the referee and stenographer, in effect directed that the judgment be satisfied pro tanto. In this I think the order is without authority of law. The judge is vested with the power to direct the application of any money or property .in the possession or under the control of the defendant belonging to him, or property belonging to him under the control of a third person, to a sheriff designated in the order, or to a receiver if one has been appointed [Code, sec. 2447). This section of the Code predicates the right to make the order of application of money or property to the satisfaction of a judgment upon the discovery of such property from the examination or testimony taken in the special proceeding, founded upon the order of examination; and such order should not be made unless it clearly appears that when the order was served the judgment debtor had the property in his possession or under his control ( Winters agt. McCarthy, 2 Abb. N. C., 357 ; Peters agt. Kerr, 22 How., 3; Hall agt. McMahon, 10 Abb., 103).
It appears in this case that the defendant did not have the property sought to be specifically applied to the satisfaction of the judgment; and it does not appear that he had any other money or property which could be applied either to the payment of the judgment or the costs of the special proceeding. There was, therefore, no authority to direct the application provided in. the order appealed from.
It seems now that where an order is made for the application of property or money, discovered in supplementary proceedings, in satisfaction of a judgment, the order should *375 require the delivery thereof to a sheriff or a receiver, if one has been appointed {Code, seo. 2447, supra). The former Code {sec. 297) gave the judge a discretion as to the manner in which the discovered property should be applied to the satisfaction of the judgment. Under the present Code, the discretion to make the order is preserved, but, when made, it is mandatory as to the manner in which such property is to be applied to the purpose designated in the, order. The language of that portion of section 2447 is: “The judge-may * * * make an order directing the judgment debtor, or other person, immediately to pay the money or deliver the-articles of personal property to a sheriff designated in the-order, unless a receiver has been appointed, * * * in thatr case to the receiver.”
The provision of the article of the Code embracing this-subject is barren of language which would warrant an interpretation conferring upon the judge the power to order the ■ payment of the money or the delivery of the property directly to the judgment creditor, or in any other mode than above-prescribed. This view is strengthened by reference to the-subsequent section (2448), which points out with unerring-certainty the duty and liability of the sheriff who receives the-property under the order, irrespective of whether there is an-execution in his hands or otherwise. The section following (2449) empowers a judge to direct the application of the money or property by payment to the receiver, m cases where one is appointed, or a receivership extended after the receipt by the sheriff of the money or property; or the judge, in his discretion, may direct application to be made directly upon an execution in the hands of the sheriff which had been issued either before or after the making of the order of delivery to-him of the money or property. It will be observed that the Code has provided a complete and comprehensive scheme for.the application of money or property discovered under supplementary proceedings, and any material deviation therefrom' would be unathorized. Hence, a direction of application by *376 payment of money or delivery of property directly to a judgment creditor would be without the sanction of the above provision of the Code.
It follows that the order is erroneous for the reason that the manner of application does not conform to the law. It may be said, however, that the judge had the power under section D'284 to impose the payment of the costs in the manner directed as a punishment for a contempt. There is no doubt of the power of the judge, under the above section, to make direct application to a party aggrieved, of any fine imposed, upon a determination that the party fined was guilty of a contempt. In this case the determination was the other way, so that this section has no application to the present case.
¡Nor can it be urged because the referee’s fees were paid on behalf of the defendant, that was such a discovery of property as would authorize the making of the order. It was shown that the fees were paid by the defendant’s attorney, with his own funds. It was not money owned, controlled, or in the possession of the defendant.
So much of the order as directs the payment by the defendant of the fees of the referee, stenographer and witnesses on the reference, and that the same be credited upon the judgment against him is reversed ; and it is ordered that the order appealed from be modified by directing that those fees be paid by the plaintiff. Costs of appeal to appellant.
Hawes and Hall, JJ., concur.