McAdam, Ch. J.
These proceedings are statutory and operate on property which the debtor has at the time the order is obtained (Potter v. Low, 16 How. Pr., 549; and cases cited under § 2447 of Bliss’ Code), and do not affect property acquired afterwards (Merriam v. Hill, 1 Weekly Dig., 260, and cases cited), and the receiver becomes vested from the time of his appointment (Code, § 2468), with the property which the debtor had at the time the proceedings were commenced (Dubois v. Cassidy, 75 N. Y., 302), but gets -no title to property which the debtor acquires subsequently. Thorn v. Fellows, 5 Weekly Dig., 473; Graff v. Bonnett, 25 How. Pr., 470. The application of these rules to the present motion makes it clear that the question to be decided is whether the defendant had any specific property in his possession when the proceedings were commenced, that he is now able to deliver over, for the order applied for *288 can be made only where the defendant is able to comply with its command if granted. Code, section 2447; Peters v. Kerr, 22 How. Pr., 3; West Side Bank v. Pugsley, 47 N. Y., 368.
To make the order without proof of ability to comply would in effect be reviving in another form imprisonment for debt, which has long since been abolished. The defendant had no property when the proceedings were commenced, and this fact is an unanswerable objection to the application to require him to pay over. To direct a debtor to deliver over when he has nothing to pay or deliver over is practically telling the defendant judicially that he must either raise the money and pay the debt represented by the judgment or go to jail and remain there until some friendly hand discharges the obligation for him. Imprisonment for debt in all its rigor meant nothing more.
The branch of the motion which seeks to compel the defendant to set apart a portion of his salary each month as it becomes due, and apply it to the judgment until it is paid, cannot be granted. No court has power to make such a decree in supplementary proceedings. The statute limits the power of the court in such proceedings to existing rights and things in esse at the time they are instituted, and does not permit it to anticipate upon what the defendant ought to be able to pay or do in the future. Such a grant of power might be beneficial to debtors as well as creditors. It might teach the former the advantages of economy and at the same time insure creditors the payment of their demands. But the legislature has withheld this power from the courts, and they cannot exercise it until the authority is conferred. . •
Salaries to become due to employees cannot be reached in any case. Woodman v. Goodenough, 18 Abb. Pr., 265; Gerregani v. Wheelwright, 3 Abb. [N. S.], 264; Potter v. Low, 16 How. Pr., 549; Caton v. Southwell, 13 Barb., 335; First National Bank v. Beardsley, 8 Weekly Dig., 7. This is particularly so with regard to public officers, who cannot by any act of theirs assign or incumber the future salary or their office, nor can the court incumber or assign it for them. The reason is founded on a rule of public policy which forbids such acts. Bliss v. Lawrence, 58 N. Y., 442. The court -in that case forcibly said: “ The public service is protected by protecting those engaged in performing public duties; and this, not upon the ground of their private interest, but upon that of the necessity of securing the efficiency of the public service, by seeing to it that the funds provided * for its maintenance should be received by those who are to perform the work at such periods as the law has provided for their payment. ”
*289 These views render it unnecessary to consider any of the other suggestions made upon the argument.
If the plaintiff insists upon the appointment of a receiver of the few effects belonging to the defendant, it may have that relief. In other regards, the several applications will ' be denied, but without costs.