## DUFFUS v. COLE.

*(Supreme Court, General Term, Fourth Department. July, 1891.)*

INJUNCTION—VIOLATION—CONTEMPT.

After service of an order enjoining defendant from disposing of any of her property not exempt from execution, defendant procured a third person to take a mortgage on some of the property in place of an existing mortgage. The new mortgage was for a less amount than the former mortgage. *Held*, that defendant was not guilty of a contempt in disobeying the injunction, since her interest in the mortgaged property was not lessened.

Appeal from special term.

Action by William Duffus against Rose Cole. From an order adjudging defendant guilty of contempt in transferring her property after service on her of an injunction order, defendant appeals.

Argued before MARTIN and MERWIN, JJ.

*L. E. Fuller*, for appellant. *Sam Wandell*, for respondent.

PER CURIAM. The injunction order in this case forbade the defendant from making or suffering any transfer or other disposition of or interference with her property, or in which she had any interest, legal or equitable, not exempt from execution. The alleged contempt was that the defendant effected a substitution of one mortgage for another upon property on which she had previously given a mortgage. The diamond ring was held by the first mortgagee under and by virtue of a parol mortgage. After the order was served, the first mortgagee told the appellant that she must get some one to take the property off his hands. She secured Jenkins to do this. He took a new mortgage for a less sum than the old one. She in no way disposed of any interest or equity she had in the property. What she did may possibly have constituted a technical interference with her property, but there was no real interference. Suppose she had procured Jenkins to take an assignment of the Tyler mortgage, surely that could not have been regarded as an interference with her property. It seems to us that that was all that was in effect done. She in no way lessened or interfered with or disposed of any interest she had in it. In *Beard* v. *Snook*, 47 Hun, 158, we held that to support a conviction for contempt of an injunction in supplementary proceedings the legal title to the property transferred must be shown to be in the accused. Here the legal title to the interest transferred to Jenkins was not in the defendant. It was in Tyler, and passed immediately to Jenkins. If, however, it can be said that it rested in the defendant for a point of time, still the interest which she transferred was acquired subsequent to the time when the order was served, and therefore the injunction did not apply to such subsequently acquired interest. *Potter* v. *Low*, 16 How. Pr. 549; *Atkinson* v. *Sewine*, 43 How. Pr. 84; *Gerregani* v. *Wheelwright*, 3 Abb. Pr. (N. S.) 264. Again, the defendant was not liable for contempt unless her act might defeat, impair, impede, or prejudice the right or remedy of the plaintiff. We are unable to see how her act in any way tended to do that. There was no proof of any loss to the plaintiff. *King* v. *Flynn*, 37 Hun, 329; *Coal Co.* v. *Hecksher*, 42 Hun, 535. We think the order should be reversed. Order reversed, without costs to either party.