MATHIAS SCHENCK AND ANOTHER, RESPONDENTS, v.
ARTHUR B. ERWIN, DEFENDANT.

FRANCIS ERWIN, A THIRD PERSON CLAIMING TO BE A PARTY
IN INTEREST, APPELLANT.

*Supplementary proceedings — jurisdiction to grant an order to examine a third person.*

Mathias Schenck and another recovered a judgment against Arthur B. Erwin in
   Steuben county, a transcript of which was filed in Chemung county, where
   Erwin lived, an execution was issued and supplementary proceedings were
   instituted thereon. Subsequently Schenck obtained an order from the county
   Judge of Steuben county and examined Francis Erwin, as a third person having
   property of Arthur B. Erwin.

Upon this examination, and upon the prior examination of Arthur B. Erwin, the
   county judge of Chemung county made an order requiring Francis Erwin to
   pay to the judgment-creditors certain moneys.

*Held,* that the county judge of Steuben county had no authority to make this order;
   that the order to examine a third party could be made only by the Chemung
   county judge.

That the Chemung county judge acquired no jurisdiction of Francis Erwin, the
   third party, by virtue of the examination had under the order of the Steuben
   county judge, and that the order made by the Chemung county judge was void.

APPEAL by Francis Erwin, a third person, from an order of
Hon. S. S. TAYLOR, County Judge of Chemung county, entered in
the office of the clerk of said county on the 7th day of March, 1891.

The order made by the county judge of Chemung, denied a
motion that an order made by said judge requiring appellant to pay
the receiver appointed in supplementary proceedings $129 out of a
legacy to which Arthur B. Erwin was entitled, as residuary legatee,
under the will of Francis E. Erwin, deceased, be vacated.

The plaintiffs recovered a judgment against Arthur B. Erwin before
a justice of the peace in Steuben county, and a transcript was filed and
judgment docketed in the clerk's office of Chemung county, and an
execution was issued to the sheriff of that county, and returned
unsatisfied. Supplementary proceedings were instituted before the
county judge of Chemung county, and defendant, Arthur B. Erwin,
was examined, he then being a resident of Chemung county. Sub-
sequently plaintiffs obtained an order from the county judge of
Steuben county for the examination of Francis Erwin, the appellant,

concerning the property of the defendant, and on the examination of Francis, and the previous examination of defendant, the county judge of Chemung made an order requiring Francis to pay to the receiver $129, the amount of the judgment and costs in the supplementary proceedings.

*Spencer & Mills*, for the appellant.

*Leslie W. Wellington*, for the respondents.

MARTIN, J.:

On February 12, 1891, the county judge of Chemung county made an order requiring the appellant to pay to the receiver herein the sum of $129. The single question in this case is, whether the judge making that order had jurisdiction. If he had no jurisdiction to make the order, then he erred in refusing to vacate it. He acquired no jurisdiction over Francis Erwin, who was examined as a third person having property of the judgment-debtor, under or by virtue of the order issued by the Steuben county judge. The county judge of Steuben county had no authority to issue such an order. It could be issued only by the county judge of Chemung county. (*Merrill* v. *Allen*, 46 Hun, 623.) The county judge of the latter county made no such order, hence there was never any valid order to examine the appellant as such third person. There was an attempt to institute the special proceeding provided for by subdivision 3 of section 2432 of the Code, but it failed. There was no proceeding under that provision of the Code in which the county judge of Chemung county could make any valid order whatever.

Nor do I think that in the proceedings instituted before him under subdivision 1 of section 2432 he in any way acquired jurisdiction of the appellant or jurisdiction to make the order requiring him to pay the sum named to the receiver. The appellant was not even examined under the order in that proceeding. He was examined only in a proceeding commenced before another county judge, who had no authority whatever to entertain it, and neither judge obtained any jurisdiction over the person of the appellant.

These views lead me to the conclusion that the order appealed from should be reversed.

HARDIN, P. J.:

Upon reflection, I yield to the views expressed in the foregoing opinion, and vote for a reversal.

The order must be reversed, with ten dollars costs and disbursements.

MERWIN, J.:

The cases of *Cooman* v. *Board of Education of Rochester* (37 Hun, 96), and *Woodman* v. *Goodenough* (18 Abb., 265), sustain the proposition that the county judge of Chemung county had no jurisdiction to make the order complained of. (See, also, Riddle & Bullard, Supp. Pro. [3d ed.], 320.) The appellant was not a party to the proceeding before that officer, and did not appear therein. The service of notice by the plaintiff's attorney could not take the place of a third party order.

Besides, a case was not made that justified an order requiring the appellant to pay. It was not shown that he had money in his hands that belonged to the defendant. It may be that he owed the defendant a portion of his legacy, or had in his hands a mortgage from which, at some future time, he would have the means to pay the legacy, but that was not enough. (*West Side Bank* v. *Pugsley*, 47 N. Y., 368.)

I think, therefore, that the order appealed from should be reversed.