JOHN FRANEY, Appellant, *v.* ALVIN C. SMITH, Respondent, Impleaded with HEMAN T. SMITH and JOHN M. WILSON, a Third Person.

*Supplementary proceedings to secure property of the judgment debtor in the hands of a third person — failure to state the residence of the judgment debtor — county judge without jurisdiction — rights of the judgment debtor.*

In supplementary proceedings taken to reach property of a judgment debtor alleged to be in the hands of a third person, the county judge of Broome county ordered the third person to appear before a referee at his office in Deposit, Delaware county. The affidavit which the plaintiff's attorney presented to the county judge as the basis of the proceeding failed to state the residence of the judgment debtor either at the time when the affidavit was made or at the time when the order in question was granted. It did state that in 1884, eight years before the order was granted, his residence was in Delaware county. The county judge subsequently refused to make an order directing the property to be paid over.

*Held,* that the county judge of Broome county had no jurisdiction· in the premises and that the order was properly refused;

That where the money so attempted to be reached is in the hands of a constable, collected by him upon an execution in favor of the judgment debtor, the latter is, in a sense, a party to the proceeding, and is entitled to notice thereof.

APPEAL by the plaintiff, John Franey, from an order of the county judge of Broome county, dated October 4, 1892, denying a motion made by the plaintiff for an order requiring John M. Wilson, a third person, to pay to the plaintiff's attorney moneys alleged to be in his hands belonging to the defendant Alvin C. Smith.

On the 4th day of October, 1892, the county judge of Broome county, on a notice of motion and the referee's report, bearing date March 31, 1890 : " Ordered, that the motion herein be and the same is hereby denied upon the ground that the county judge of Broome county had no jurisdiction to make or grant the order in supplementary proceedings herein." By the affidavit of the attorney for the plaintiff it appears that a judgment was recovered and the roll was filed and docketed in Broome county, and that a transcript of the judgment was filed in the office of the clerk of the county of Delaware on the 30th of October, 1884; that an execution was issued thereon against Alvin C. Smith and Heman T. Smith, the defendants, on the 27th day of October, 1884, to the sheriff of the county of Broome, and also on the 2d day of December, 1884, to the sheriff of Delaware county "where said judgment debtor, Alvin C. Smith, then resided, and that such execution has, within the ten years last past, been returned wholly unsatisfied." In the affidavit it is further stated that John M. Wilson has property of said judgment debtor, Alvin C. Smith; "is indebted to said Alvin C. Smith for moneys collected and received by him, to and for the use and benefit of said Alvin C. Smith, in an amount exceeding $10, to wit, $120, or upwards; that said John M. Wilson resides, or has an office for the regular transaction of business in person, at Deposit, Delaware county, N. Y." That affidavit was verified on the 17th of March, 1890; thereupon the county judge of Broome county, on the 18th day of March, 1890, granted an order appointing a referee to take testimony and ordered said Wilson to appear before the referee at his office in Deposit, Delaware county, on the twentieth of March. The referee certifies that, in pursuance of the order, at the time and place mentioned in it, the plaintiff appeared by counsel and John M. Wilson by counsel and answered; that the proceedings were adjourned to March twenty-eighth, and on the 28th of March, 1890, the plaintiff again appeared, and Wilson appeared in person, and at the request of plaintiff's attorney and

consent of Wilson the examination was adjourned to March thirty-first, and on March 31, 1890, Wilson was sworn and examined and he disclosed the fact that he had moneys belonging to Alvin C. Smith, the judgment debtor, at the time of the service of the order upon him.

The referee made a report of the proceedings before him, bearing date March 31, 1890, in which was incorporated the testimony of John M. Wilson, as follows:

"I am the John M. Wilson named in the affidavit and order and reside in the village of Deposit, Delaware county, am a constable of the town of Deposit in said county. On the 4th day of March, 1890, a judgment was rendered by L. T. Freeman, a justice of the peace of the town of Deposit, in favor of the defendant, Alvin C. Smith, and against one Jerry E. Doolittle, for the sum of one hundred and sixty-seven dollars and ninety-two cents damages and seven dollars and ten cents costs. This judgment was recovered in an action in which a warrant of attachment was sworn out by the said Alvin C. Smith. I levied the attachment on a quantity of hay and on a horse and mowing machine. On the 15th day of March, 1890, an execution on said judgment was issued by the said justice and placed in my hands commanding me to collect the full amount of the judgment and costs. Under that execution I levied upon the same property that I had previously attached in the action. I have since received of the judgment debtor the full amount of the judgment, costs and expenses, amounting in the whole to $195.17; my costs, poundage and expenses of taking care of the property, included in the above amount, is $20.15. At the time of the service of this order on me I had received and had of the above-named amount the sum of $120.00, and I still have the same in my possession."

A notice made on the 12th day of May, 1890, was served upon Wilson and upon Alvin C. Smith, to the effect that an application would be made on the 26th of May, 1890, for an order requiring Wilson to pay the plaintiff's attorney in this action the money in his hands belonging to Alvin C. Smith. The proceedings were brought before the county judge on the fourth of October, and the county judge, after hearing counsel for the plaintiff and counsel for the defendant Alvin C. Smith in opposition to the motion, made the order appealed from.

*Arthur More,* for the appellant.

*A. Mumford,* for the respondent.

HARDIN, P. J.:

The affidavit used before the county judge of Broome county failed to state facts sufficient to confer jurisdiction upon the county judge of Broome county. The affidavit presented to the county judge did not state the residence of Alvin C. Smith at the time the order was granted, nor his residence at the time the affidavit was made. It does state, however, that his residence was in the county of Delaware at the time of issuing the execution in the year 1884. *Merrill* v. *Allin,* 46 Hun, 623 ; S. C., *sub nom. Merrill* v. *Allen,* 13 N. Y. St. Repr. 20.) In the course of the opinion delivered in that case BARKER, J., said, in speaking of proceedings against a third party who was indebted to the judgment debtor, viz. : "When proceedings are taken against a debtor of the judgment debtor for the purpose of securing an application of an indebtedness toward the payment of the judgment, where the execution is in the hands of the sheriff, as in this case, the judgment debtor is, in a sense, a party to such proceedings. Such remedy is resorted to for the purpose of reaching his property and converting it to a particular purpose. His interests are directly involved in the procedure. In order that he may protect his rights, so far as they are involved by the proceeding, provision is made in section 2464 that no receiver shall be appointed without notice is given to him, if he can be found in the State."

It is said further, in the course of the opinion in that case, that the county judge did not have jurisdiction over the subject-matter, and an order affecting the proceedings attempted to be had before the county judge of Ontario county was affirmed. That case was referred to with approval by Judge MARTIN in delivering the opinion in *Schenck* v. *Erwin* (63 Hun, 104), and we are inclined to think the reasoning of the learned judge in the latter case sustains the order of the county judge in the proceedings now before us. We think the order should be affirmed, with costs.

MARTIN and MERWIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.