(88 Hun, 219.)

FRANEY v. SMITH et al.

(Supreme Court, General Term, Fourth Department. July 5, 1895.)

Appeal from order of Broome county judge.

Action by John Franey against Alvin C. Smith and others. From an order holding that the county judge had no jurisdiction, plaintiff appeals. Affirmed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

Arthur More, for appellant.

A. Mumford, for respondent.

HARDIN, P. J. The views expressed in Franey v. Smith (Sup.) 34 N. Y. Supp. 780, lead to an affirmance of the order.

Order affirmed. All concur.

---

WISE et al. v. RIDER.

(Supreme Court, General Term, Fourth Department. July 5, 1895.)

1. FRAUDULENT CONVEYANCES—CHATTEL MORTGAGES.

The fact that a mortgage on a stock of goods is void, as to other creditors of the mortgagor, because it authorizes the mortgagor to sell the property and use the proceeds in his business, does not affect the right of the mortgagor to give another mortgage to secure the debt, free from such infirmity.

2. SAME—SALE BY MORTGAGOR.

The fact that a mortgagor sells goods covered by the mortgage, for a few days, with the knowledge of the mortgagee, does not render the mortgage fraudulent as to other creditors, where such sales were not made under an agreement between the parties.

Appeal from special term, Jefferson county.

Action by James B. Wise and Frederick Gayer against Clinton W. Rider, brought by plaintiffs, as judgment creditors of George B. Holbrook, to set aside three chattel mortgages given by him to defendant, on the ground that they were fraudulent obstructions to the collection of plaintiffs' debt. The complaint was dismissed, and plaintiffs appeal. Affirmed.

The opinion of Mr. Justice VANN at special term is as follows:

The first and second chattel mortgages are conclusively presumed to be fraudulent on account of the implied agreement between the parties thereto that the mortgagor might sell the mortgaged property and use the proceeds in his general business. Southard v. Benner, 72 N. Y. 424; Hangen v. Hachemeister, 114 N. Y. 566, 21 N. E. 1046. The debt, however, which these mortgages were given to secure, was not fraudulent, but was supported by a valuable and adequate consideration. The fact that the mortgages were void, so long as the debt was valid, did not prevent the debtor, who still honestly owed the debt, from securing his creditor by giving him a third mortgage, free from the taint that had infected its predecessors. This was accordingly attempted to be done, at least in form, and the controlling question in this case is whether it was done in fact as well as form. The evidence of the debt was a promissory note, which was renewed at intervals, and the last renewal was on the 27th of May, 1894, while the last mortgage was given on the 27th of July following, but at too late an hour for filing in the clerk's office on that day. It was filed, however, the next day, which was Saturday, at 8:50 a. m. On Monday, at about 9 o'clock, the sheriff seized the mortgaged property under the executions issued in favor of the plaintiffs, and an hour or two later the defendant took possession under his third mortgage, which was not yet due, but it contained the usual safety clause. During the period covered by all of the mortgages, the mortgagee occupied a desk in the store where the mortgaged