(27 Civ. Proc. R. 109;  22 Misc. Rep. 645.)

## In re TRUSTEES OF BOARD OF PUBLICATION AND SABBATH SCHOOL WORK.

(Supreme Court, Special Term, New York County.   January, 1898.)

1. SUPPLEMENTARY PROCEEDINGS—PROPERTY SUBJECT.

Code Civ. Proc. § 2436, provides that a judgment creditor is entitled to an order of examination in supplemental proceedings on proof "that the judgment debtor has property which he unjustly refuses to apply" on the judgment.   Section 2447 provides that where it appears from the examination that "the judgment debtor has in his possession or under his control" money, etc., the judge may order such money, etc., to be paid over.   Section 2463 provides that the statute relating to supplemental proceedings does not authorize interference with any exempt property, nor the seizure of earnings of a judgment debtor for personal services rendered within 60 days next before the institution of the special proceedings, when those earnings are necessary for the use of the family.   Held, that supplemental proceedings are directed against property which, at the time of the order for his examination, the judgment debtor has in his possession, or under his control, or which is actually due him; and no property subsequently acquired, and·no future earnings of any kind, and no earnings for personal services rendered within 60 days preceding such order, if necessary for the benefit of his family, can be reached.

2. SAME.

The same rule applies to supplemental proceedings against third persons.

3. SAME—HUSBAND AND WIFE—SEPARATE ESTATE.

When a check for money is given by a wife to her husband for his benefit, she cannot claim any of the proceeds thereof, as belonging to her, in supplementary proceedings against her husband.

4. SAME.

In supplementary proceedings against the husband, the wife cannot claim, as belonging to her, the proceeds of a note made jointly by them.

Application of the Trustees of the Board of Publication and Sabbath School Work, plaintiffs and judgment creditors, for the examination, in proceedings supplementary to execution, of William J. Harsha, defendant and judgment debtor, and of others.   On motion that the judgment debtor and others turn over certain moneys to the receiver, for the benefit of judgment creditors.   Denied.

FREEDMAN, J.   The substantial facts out of which the various proceedings now to be determined arose are as follows:   On February 6, 1896, the plaintiffs recovered a judgment in this court against Dr. Harsha for $4,706.82.   Execution was issued to the sheriff, and returned unsatisfied.   Thereafter the defendant was examined in supplementary proceedings; and on April 6, 1896, an order was made appointing Frank J. McBarron receiver of the property of the judgment debtor.   On June 5, 1896, an action was commenced by the receiver against the judgment debtor, Edward S. Clinch, the Reformed Low Dutch Church of Harlem, Thomas Crawford, individually and as treasurer of the Reformed Low Dutch Church of Harlem, and others, to have a certain assignment made by the judgment debtor to Edward S. Clinch declared null and void, and for an account by Mr. Clinch for all moneys received by him thereunder, and that the defendants Clinch, Crawford, and the church pay to the receiver certain moneys belonging to the judgment debtor.   In the course of that litigation it appeared

that the judgment debtor was in receipt of a yearly salary of $5,000 from the church; that, in order to make some provision for the payment of some creditors, he had, about February 11, 1895, assigned to Edward S. Clinch $2,000 of his said yearly salary, to be used in making settlements with said creditors; and that, under this assignment, Clinch had received and disbursed certain moneys, and still held some of them. Mr. Justice Beekman, who tried the case, found that the said assignment was void as against the plaintiffs in this action, because it hindered and delayed them in the prosecution of their claim; that the sum of $250 a month was, during the times mentioned in the complaint and amended complaint, a sufficient provision for the support and maintenance and use of the judgment debtor and his family; and that Clinch, after making such allowance, was liable to pay over to the receiver the balance with which he then was found chargeable. Under this decision, Mr. Clinch paid to the receiver as follows:

| | |
|---|---:|
| Amount found by Mr. Justice Beekman to be in Clinch's hands | $476 63 |
| Interest thereon | 45 87 |
| Proportion of the salary for March, 1896 | 166 66 |
| Interest thereon | 15 37 |
| | $704 53 |

Towards the payment of the item of $166.66, and the interest thereon of $15.37, and the costs of the action, taxed at $172.43, Clinch received the check of Mrs. Harsha for $398.37; and the said three items were paid with the proceeds of said check, leaving, after allowing Clinch $15 for disbursements, a balance of $28.91 in his hands.

Upon affidavits made on behalf of the judgment creditors, containing, in addition to the usual proof necessary to sustain the application in each instance, irrelevant matters and insinuations entirely out of place, separate orders were granted for the examination of Dr. Harsha, the judgment debtor, of Mr. Clinch, and of the ministers, elders, and deacons of the Reformed Low Dutch Church. The examinations were had. On the part of the church, its treasurer, Thomas Crawford, was examined. Upon the close of the examinations, the attorney for the judgment creditors made several motions to compel the payment over of several amounts which he claimed to have discovered, and to extend the receivership of Frank J. McBarron, the receiver heretofore appointed, to such amounts. The motions will have to be separately considered with reference to the state of the proof against each party proceeded against; but, before doing this, it may be well to ascertain clearly what property of the judgment debtor may be reached by supplementary proceedings, from what moment any such property becomes bound, and what power the court possesses to direct the application of earnings for personal services.

Supplementary proceedings are of a purely statutory character, and the statute limits the power of the court in such proceedings to existing rights and things in esse at the time of the institution of the proceedings. The language of the statute is that the judgment creditor is entitled to the order of examination "upon proof　*　*　*　that the judgment debtor has property which he unjustly refuses to apply towards the satisfaction of the judgment," etc. Code Civ. Proc. § 2436.

And, where it appears from the examination "that the judgment debtor has in his possession or under his control money or other personal property belonging to him," the judge may order such money to be paid over, and such other personal property to be delivered up.    Id. § 2447. The uniform current of authority is, and always has been, that proceedings supplementary to execution are directed against property which the judgment debtor has in his possession or under his control at the time the order is obtained.    Potter v. Low, 16 How. Prac. 549; Winters v. McCarthy, 2 Abb. N. C. 357.    If moneys coming to the judgment debtor are sought to be reached, they must be actually due at the time the order is obtained (Potter v. Low, 16 How. Prac. 549; Atkinson v. Sewine, 11 Abb. Prac. [N. S.] 384; Stewart v. Foster, 1 Hilt. 505; Institute v. Cregan, 11 Civ. Proc. R. 87); and the proof as to the possession or control by the judgment debtor should be clear (Peters v. Kerr, 22 How. Prac. 3; Hall v. McMahon, 10 Abb. Prac. 103).    Supplementary proceedings do not affect property acquired after they have been commenced (Merriam v. Hill, 1 Wkly. Dig. 260, and cases cited; Potter v. Low, 16 How. Prac. 549; Caton v. Southwell, 13 Barb. 335; Rainsford v. Temple [Com. Pl.] 22 N. Y. Supp. 937; McCormick v. Kehoe, 7 N. Y. Leg. Obs. 184; Albright v. Kempton, 4 Civ. Proc. R. 16; Sands v. Roberts, 8 Abb. Prac. 343); and earnings becoming due after the service of the order for examination cannot be reached (Gerregani v. Wheelwright, 3 Abb. Prac. [N. S.] 264); and this is so as to future earnings, though they were to become due under an existing agreement to pay a royalty on goods to be manufactured (Woodman v. Goodenough, 18 Abb. Prac. 265).    If it is doubtful whether the money was earned before or after the order, the debtor is entitled to the benefit of the doubt.    Potter v. Low, 16 How. Prac. 549.    So, the salary of a public officer, while in the hands of the disbursing officer in common with other money, cannot be reached.    Waldman v. O'Donnell, 57 How. Prac. 215; Remmey v. Gedney, Id. 217, note; Institute v. Cregan, 11 Civ. Proc. R. 87.    This rule has been observed so strictly that in Bank v. Beardsley, 8 Wkly. Dig. 7, it was held that, under an order granted on a certain day, a salary which does not become payable until the close of that day cannot be reached.    And by section 2463 of the Code of Civil Procedure it is further provided that the statute relating to supplementary proceedings does not authorize the seizure of, or other interferences with, any property which is especially exempt by law from levy and sale by virtue of an execution, and that it does not authorize the seizure of the earnings of the judgment debtor for his personal services rendered within 60 days next before the institution of the special proceeding, when it is made to appear by his oath or otherwise that those earnings are necessary for the use of a family wholly or partly supported by his labor.    The intent of the legislature is plain.    A debtor's duty to his family is recognized so far that, if he has a family wholly or partly supported by his labor, he may, if necessary, always have 60 days' back earnings exempt; and in Miller v. Hooper, 19 Hun, 394, it was held that this was a humane provision, and should be liberally construed in favor of the debtor.    In Bush v. White, 12 Abb. Prac. 21, it was held that the 60 days ran back from the order for the application of the debtor's property, and not from

the original order for his examination. The case arose under section 297 of the Old Code, which at that time read "for sixty days preceding the order." But, when the present Code of Civil Procedure was enacted, the words "before the institution of the special proceeding" were substituted in place of the words "preceding the order," and the law upon this point has remained the same ever since.

From the foregoing, the following summary may be extracted, viz.: That proceedings supplementary to execution are directed against property which, at the time of the order for his examination, the judgment debtor has in his possession or under his control, or which is actually due to him, and that no property subsequently acquired, and no future earnings of any kind, and no earnings for personal services rendered within 60 days preceding such order, if necessary for the use of his family, can be reached. The same rule applies to all supplementary proceedings against third parties, for every one of them proceeds upon an allegation to the effect that the third party has certain property belonging to the judgment debtor which then and there ought to be applied towards the satisfaction of the claim of the judgment creditor.

Having now clearly defined the limits within which, in the course of supplementary proceedings, property of the judgment debtor held by him, or in the hands of third parties, may be reached, the several motions made before me will now be determined with reference to the state of the proof against each party proceeded against.

As to the ministers, elders, and deacons of the Reformed Low Dutch Church: The proceeding against them is based upon an affidavit sworn to January 3, 1898, alleging (among other things not material to be specifically mentioned) "that the sum of $416.66 is due and owing; to said William J. Harsha, defendant and judgment debtor herein, by the said the ministers, elders, and deacons of the Reformed Low Dutch Church, of the Ninth ward of the city of New York, of which church the said Harsha is pastor, for his salary for the month of December, 1897." Upon this affidavit an order was made by Mr. Justice Cohen, directing the said officers of the church and Thomas Crawford, the treasurer of the church, to appear on January 6, 1898, to be examined concerning the said sum of $416.66, claimed to be due as aforesaid. Under this order, Thomas Crawford was examined as treasurer of the church, and in the course of his examination it appeared that the said sum, representing the said salary for December, 1897, had been paid on December 21st. No testimony to the contrary was given. The fact thus established entitles the officers of the church to an order denying the motion made against them, and dismissing the proceeding as against them. Under the circumstances of this case, they should also have $30 costs.

As to Mr. Edward S. Clinch: The proceeding against him is based upon an affidavit and an order made thereon dated January 22, 1898. By that order he was directed to appear on January 26, 1898, and submit to an examination concerning the sum of $398.37, alleged to be in his hands, and belonging to the judgment debtor. The testimony upon that point shows a balance in his hands of $28.91, as hereinbefore stated. The claim that such balance belongs to Mrs. Harsha cannot be sustained. The check was given by Mrs. Harsha to her husband for his benefit, and by him delivered to Clinch, to be used by the latter

for the benefit of the judgment debtor.   Moreover, the check itself represented the proceeds of a note made by Dr. Harsha and his wife, jointly, and discounted by the Hamilton Bank.   Mr. Clinch must therefore be ordered to pay over this balance of $28.91, and the receivership of the receiver should be extended so as to include that sum. There is nothing else with which Mr. Clinch can be charged.   The assignment by Dr. Harsha to Mr. Clinch was surrendered by the latter on June 23, 1896, and no moneys were received by him thereunder after March 1, 1896.

As to Dr. William J. Harsha:   The proceeding against him is based upon an affidavit, upon which he was ordered, under date of January 3, 1898, to appear and submit on January 6, 1898, to a general examination concerning his property.   As against him, the examination was not to be confined within the narrow limits within which the examination of Mr. Crawford and of Mr. Clinch had to be confined, especially as the allegation against him was that since a former examination in supplementary proceedings had under an order dated March 2, 1896, he had collected monthly the sum of $166.66, over and above what was necessary for the support of himself and family.   This claim of the judgment creditors in effect concedes that $250 of the monthly salary of $416.66 is necessary for the support of Dr. Harsha and his family, and it is only the monthly excess of $166.66 which is sought to be reached.   Such excess, it is claimed, has been determined by Mr. Justice Beekman not to be necessary for the support of Dr. Harsha and his family.   An examination of the record shows, however, that by his decision Mr. Justice Beekman simply held that a certain sum in the hands of Mr. Clinch, and the sum of $166.66, a portion of the salary for March, 1896, were over and above what was necessary for the support, maintenance, and use of the judgment debtor and his family.

The judgment as originally entered read:

"That the sum of two hundred and fifty ($250) dollars a month is, and has been during the times mentioned in the complaint herein, a sufficient provision," etc.

This was subsequently, on motion, modified so as to read:

"That the sum of two hundred and fifty ($250) dollars a month was, during the time mentioned in the complaint and amended complaint herein, a sufficient provision," etc.

And this was subsequently, on motion, further amended so as to read:

"That the sum of $476.63, in the hands of Edward S. Clinch, received by him under said assignment, and the sum of $166.66, in the hands of the defendant the Reformed Low Dutch Church of Harlem, which amounts were by the decision herein directed to be paid to the plaintiff, were, during the times mentioned in the complaint and amended complaint, over and above what was necessary for the support and maintenance of the judgment debtor, William J. Harsha, and his family."

This sufficiently shows that the judgment rendered by Mr. Justice Beekman is not an adjudication binding upon me in the proceedings now pending before me, and that the amount to be allowed as a suitable provision for the support of Dr. Harsha and his family, if it should become necessary to determine it, is open for determination upon the facts as they now appear.

The question, then, remains as to what was discovered by the examination of Dr. Harsha. The installment of salary coming to him at the end of January, 1898, cannot, under the authorities hereinbefore referred to, be reached under the order for his examination made January 3, 1898. The installments of monthly salary due to him since March, 1896, had been paid to him. The installment for December, 1897, had been paid to him on December 21, 1897. Under the authorities cited, he was free to spend these moneys. There being no other property liable to seizure, the case against him is therefore narrowed down to the question how much of these earnings, and of a few other earnings of a trifling character discovered, he had left in his hands on January 3, 1898, and, if there is any such unexpended balance, whether it should be taken from him as unnecessary to the support of himself and his family. His examination was a searching one, and it extended over a number of days. Being too voluminous to be discussed here in detail, it must suffice to say that he fully accounted for the expenses of himself and his family, and showed that, although during the period in question he had received at the rate of $2,000 a year more than he did while the assignment to Mr. Clinch was in force, he had actually expended that additional sum, partly for purposes for which Mr. Clinch would have paid if the assignment to him had not been set aside, partly for increased family expenses caused by tuition bills for his children, partly for the support of his father, a clergyman 76 years of age, and partly for special personal necessities; and that on January 3, 1898, there was not only nothing left, but that, on the contrary, a grocer's bill, a tailor's bill, a doctor's bill, and some small amounts for periodicals remained unpaid. The closest scrutiny of the matters disclosed by his examination fails to show any property of any kind in his possession or under his control on January 3, 1898, which could be applied towards the satisfaction of the judgment of the judgment creditors. That being so, it is unnecessary to determine at the present time what portion of the salary of the judgment debtor should be sequestrated for the benefit of the judgment creditors herein. The final result is that the motion against him must be denied, and the present proceeding against him dismissed. In view of all the facts and circumstances disclosed by the record, the dismissal should be with $30 costs.

Let orders be entered in accordance with this opinion; after settlement on notice.