(58 Misc. Rep. 173.)

### TWELFTH WARD BANK OF CITY OF NEW YORK v. HAMILTON.

(Supreme Court, Appellate Term. March 5, 1908.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—EXEMPT PROPERTY—PROOF.

> Proof that a judgment debtor's monthly salary was $233.33, and that he maintained a home in the city of New York for a wife and two children, who were dependent upon him, is not sufficient to justify the exemption of his salary from application to the payment of a judgment, under Code Civ. Proc. § 2463, excepting from the operation of proceedings supplementary to execution the earnings of the judgment debtor for his personal services rendered within 60 days next before instituting the proceedings, where the earnings are necessary for the use of a family wholly or partly supported by his labor.

Appeal from City Court of New York, Special Term.

Proceeding supplementary to execution by the Twelfth Ward Bank of the City of New York against Frank C. Hamilton. From an order partially vacating the restraining clause contained in a third party order, the judgment creditor appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Katz & Sommerich (Maxwell C. Katz and Otto C. Sommerich, of counsel), for appellant.

PER CURIAM. To support the exemption of earnings from application to the payment of a judgment, under section 2463 of the Code of Civil Procedure, it must appear "that those earnings are necessary for the use of a family wholly or partly supported" by the judgment debtor's labor. Here the matter of necessity was sought to be established by nothing beyond the inference to be drawn from the fact that the debtor's monthly salary was $233.33, and that he maintained a home for a wife and two children, who were dependent upon him, in the city of New York. This, in our view, was not enough to justify the exemption, and there was apparently no question as to the fact that on November 1st (the date of the third party order) the debtor's salary for the month of October was due and payable. Matter of Trustees, etc., v. Harshu, 22 Misc. Rep. 645, 50 N. Y. Supp. 171. It may well be that, upon the submission of further proof as to the details of the debtor's necessary expenditures for his family, the exemp-

tion can be thoroughly justified; but upon these papers the order made is without support.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs, without prejudice to the merits of a new application upon further proof.