(33 Misc. Rep. 310.)

BOYNTON v. SEIBERT et al.

(Supreme Court, Special Term, New York County. December, 1900.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—RECEIVER—TITLE.

    Where an execution debtor was the owner of a partially performed con-
tract, under which he was to receive certain compensation, and also a
certain percentage at the end of the year, a receiver in supplementary
proceedings before the expiration of the year could maintain an action for
such percentage after the year expired, defendant having completed
performance, since the receiver took whatever title the debtor possessed
to the contract, and not merely title to moneys actually due at the time
of the service of order in the supplementary proceedings.

Action by George M. Boynton, as receiver of Albert E. Seibert,
defendant in proceedings supplementary to execution, against said
Seibert, and against Arthur H. Masten and another as debtors of
said Seibert. Demurrer to complaint. Overruled.

William H. Harris, for plaintiff.

Franklyn Paddock, for defendant Seibert.

LAWRENCE, J. This action is brought by the plaintiff, as re-
ceiver appointed in supplementary proceedings of the defendant Al-
bert E. Seibert, to obtain a certain fund alleged to be in the hands
of the defendants Arthur H. Masten and George L. Nichols, as em-
ployers of the defendant Seibert. The complaint alleges entry of
judgment July 12, 1899, issuance of execution thereon July 12, 1899,
and on the 28th of September, 1899, respectively, and that the same
have been returned wholly unsatisfied. It is further alleged that the
order in supplementary proceedings wherein plaintiff was appointed
receiver was made June 7, 1900, and was ·served upon the judg-
ment debtor on that day, and that on the 18th of July, 1900, plaintiff
was appointed receiver in such proceedings. It is further alleged
that at the time of the service of the order in supplementary pro-
ceedings, and at the time of the appointment of the plaintiff as re-
ceiver, the defendant Seibert owned the chose in action, which al-
leged chose in action is stated to be an agreement entered into on
the 30th day of September, 1899, between Masten & Nichols and
Seibert, whereby Seibert agreed to perform certain services for them
for the term of one year from September 30, 1899, to and including
September 30, 1900, for which Masten & Nichols agreed to pay a
salary at the rate of $35 per week. It was further agreed that the
judgment debtor should also receive at the end of the year a per-
centage upon the net receipts of the firm during that period over
and above a fixed sum to be drawn by the two partners; that Sei-
bert entered upon the employment and performed the agreement
upon his part; and that the defendants have failed to pay said per-
centage, which amounts to at least the sum of $350.

The defendants demur to the complaint on the ground that it does
not state facts sufficient to constitute a cause of action, and in sup-
port of the demurrer it is argued that, as the receiver takes title only
to moneys actually due the judgment debtor upon the date of the
making service of the order in supplementary proceedings, this ac-

tion cannot be sustained. See Gibney v. Reilly, 26 Misc. Rep. 275, 56 N. Y. Supp. 1055; In re Trustees of Board of Publication, 22 Misc. Rep. 645, 50 N. Y. Supp. 171, and cases cited. I do not think that these cases are conclusive in this case, for the reason that it seems to me that the receiver became vested with the legal title of the judgment debtor to the contract with Masten & Nichols, which is referred to in the complaint, and is entitled to any amount which may be found due under that contract, to the extent of the judgment under which the receiver was appointed. It was held by the court of appeals in the case of Reynolds v. Insurance Co., 160 N. Y. 635–637, 55 N. E. 305, that the right acquired by a receiver in supplementary proceedings in policies upon the debtor's life owned by the debtor is not limited to their surrender value, and that, if the policies are kept in force by the insured, the receiver is entitled, on their becoming due, either by the expiration of their term or by the death of the insured, to the amount due upon them, not exceeding the amount of the judgment represented by him. In this case the receiver became vested with legal title to the agreement between Seibert and the defendants Masten & Nichols, and to all rights which Seibert had thereunder at the time of the receiver's appointment; and as it is expressly alleged in the complaint that the defendant Seibert duly performed the agreement on his part, and that a specific sum became due thereunder, I think the case comes within the reasoning of the court of appeals in the case of Reynolds v. Insurance Co., supra. It therefore seems to me that a cause of action is stated in the complaint, and that the demurrer should be overruled, with costs, with leave to defendants to answer over on payment of such costs.

Demurrer overruled, with costs, with leave to defendants to answer over on payment of costs.