POCOMOKE GUANO COMPANY ET ALS. V. D. F. COLWELL, ADMR., ET ALS.

(Filed 19 March, 1919.)

1. **Husband and Wife—Principal and Agent—Wife's Separate Lands—Husband as Agent—Presumptions.**

    A husband cultivating a farm, the separate estate of his wife, without contract of lease merely acts as the agent of the wife therein, the presumption being that his services were gratuitously given as a contribution to the support of the family, and he has no interest in the crops that his creditors can follow and subject to the payment of his debts.

2. **Same—Liens.**

    Where the husband is merely acting as the agent of his wife in cultivating her farms he may not, as such agent, give a valid lien upon the crops upon his wife's land for any purpose.

3. **Constitutional Law— Husband and Wife— Principal and Agent— Wife's Separate Lands—Landlord and Tenant—Statutes.**

    The wife, under our Constitution, is vested with the right to the custody and control of the entire crops growing on her own lands, raised thereon by her husband as her agent, subject to the rights of her tenants to their share therein under the terms of any contract. Revisal, sec. 1993.

4. **Husband and Wife—Principal and Agent—Implied Authority.**

    Where the husband and wife are living together, and he is acting as her agent in farming her lands, he has implied authority to incur indebtedness.

in her behalf for the fertilizer used thereon in making the crop, with her knowledge and without her dissent. *Thompson v. Coats,* 174 N. C., 193, cited and distinguished.

5. **Pleadings— Principal and Agent— Husband and Wife— Wife's Separate Lands—Relief.**

Where the husband has acted as the plaintiff's agent for the sale of fertilizer, and also as the agent of his wife in cultivating her lands, an action against the wife to subject the crop to the payment of the husband's debt cannot be maintained, but the guano company may recover for the fertilizer used on the wife's crops, with which she is properly chargeable, after deducting such sums of money as the husband may have received on. the purchase price of the fertilizer as the agent of the plaintiff, though. such relief was not specifically prayed for in the complaint.

6. **Debtor and Creditor—Gratuitous Services—Peonage.**

The creditor of a husband who has gratuitously acted as. the agent of his wife in cultivating crops upon her land may not maintain his action to recover the value of the services thus rendered by him and subject it to the payment of his debt. The matter of "peonage" discussed by CLARK, C. J.

APPEAL by defendant from *Allen, J.,* at September Term, 1918, of SAMPSON.

S. F. Peterson died intestate in November, 1912, leaving a widow and several minor children. During the year 1912 and for some time previously he was engaged in running the farm on his wife's land in said county, part of it with hired labor and the rest by tenants. He also on his own account ran a store, a cotton gin, and acted as agent for the sale of fertilizers. At the time of his death and for some time prior thereto he was insolvent. There was no lease or contract of rental between him and his wife. During 1912 he used guano furnished by himself as agent of plaintiff guano company on the crops on his wife's land,. which at his death were practically gathered. He sold twelve bales of the cotton at $655.80 and received the proceeds. The rest of the crops were turned over to the widow by the administrator of the husband.

The referee found that the value of the crops turned over to the widow by the administrator after deducting the rental value of the farm was $1,661.20, and gave judgment against the administrator and the widow for said amount. This action was brought by the plaintiff guano company against the administrator and his surety and also against the widow to recover the value of said crops to be applied to the general indebtedness of the husband for the guano sold by him as agent and for other indebtedness of the husband.

On exception to the referee's report the court reversed the ruling of the referee and held that the defendants were not indebted to the plaintiffs for the value of the crop turned over to the widow, and rendered judgment against the plaintiffs, who appealed.

*Tillett & Guthrie, Stevens & Beasley, and McIntyre, Lawrence & Proctor for plaintiffs.*

*Butler & Herring for S. F. Peterson.*

CLARK, C. J. It is found as a fact by the referee and approved by the judge that there was no contract of renting between the husband and wife. The husband was, therefore, as a matter of law and of fact, merely the agent of his wife in carrying on her farm. *Wells v. Batts,* 112 N. C., 283; *Branch v. Ward,* 114 N. C., 149. Whether the farm was rented to tenants or worked with hired labor, the husband was entitled to no share for his services, the presumption being, in the absence of a contract, that he was doing this gratuitously and in order to contribute to the support of a family. He had no interest in the crop which his creditors could subject to the payment of their debts. The husband did not give any lien upon the crop and had no right to do so. *Rawlings v. Neal,* 122 N. C., 173; *Bray v. Carter,* 115 N. C., 16. The plaintiffs have no right to follow the fund which was the purpose of this action.

Under the Constitution the wife holds her property free from any control of her husband (*Manning v. Manning,* 79 N. C., 293) and was vested with the right to the custody and control of the entire crop, subject only to the right of the tenants to their share therein. Revisal, 1993. But while the plaintiffs cannot recover against her for any indebtedness of the husband, whatever amount of guano was bought by him as agent for his wife in making the crops on said land (other than the fertilizers furnished by him for the tenants, as to which no assent of the wife is shown or presumed) would be a liability against the wife, not by reason of her receipt of the crops, but by reason of his implied authority to incur indebtedness for advances in making the crop on that part of the land worked for her directly, if it was furnished with the wife's knowledge and without dissent. *Thompson v. Coats,* 174 N. C., 193, does not apply, for in that case she and her husband were living apart and there was nothing which implied an agency of the husband to act for her. But the Court there said that the supplies furnished the tenants through her husband were not presumed to be by her authority, there being no direct benefit to her.

It is true this action is brought to subject the entire crop (after deducting the rental), and the plaintiffs are not asking judgment against the widow on the ground of his agency, but she is a party to this action, and the plaintiff guano company is entitled to recover any judgment which the facts alleged and proven would warrant, though not set out in the prayer for relief. But on the other hand, the husband was the agent of the plaintiff guano company in selling the fertilizers, and as

there went into his hands the proceeds of twelve bales of cotton (which is found to be $655.80), the guano company cannot recover of the widow, the owner of the land, unless the amount of the guano furnished for the crop worked for her direct, and not by her tenants, exceeded that amount.

When the case goes back if it is suggested that there was an excess of such indebtedness above $655.80, the amount may be ascertained and the judgment may be rendered against the widow for that amount. Judgment should be rendered against the plaintiffs for the costs up to that time, in any event, and for the cost of this appeal.

It has been suggested that the creditor is entitled to recover for the value of the husband's services while acting as agent for his wife. When a man has earned wages they can be garnisheed as his property if no personal property exemption is claimed, but no creditor has a right to the personal services of the debtor or, what is the same thing, to collect payment of the value thereof from one to whom he renders services without charge and thus make a contract which the debtor and the employer did not make. Such claim as this is simply an assertion of "peonage," and if it could be enforced the creditor could follow the debtor around wherever he might go and compel his services through the medium of an employer. It is too late in the world's history to assert such doctrine. Indeed the counsel for the plaintiff did not assert this proposition. He placed his right to recover upon the assumption that a husband acting as agent in supervising his wife's farm was in law a renter (though it is admitted here as a matter of fact that there was no contract of renting), and hence the wife was entitled only to rent and the husband was entitled to the rest of the crop, which therefore the creditor could follow in the hands of the wife. This proposition is without a scintilla of fact to sustain it and has no analogy in the law.

In *Osborne v. Wilkes,* 108 N. C., 651, the Court held that a married woman could employ her husband as her agent to carry on the manufacturing business, and that his "creditors acquire no interest in the profits because he gives his services without other compensation than an indefinite allowance applied by her permission for the payment of his expenses," citing numerous cases (page 672). On page 673 it is said that creditors "have no lien upon the debtor's skill or attainments, nor can they compel him to exact compensation for managing his wife's property, or collect from her as on a *quantum meruit* what his services were reasonably worth. 2 Bishop Married Women, secs. 453, 454, 299, 300. She may remunerate him by furnishing him a support. He may, if he choose, serve her without compensation. 2 Bishop, *supra,* sec. 439; *Corning v. Flower,* 24 Iowa, 584. Indeed, a creditor cannot collect from any person compensation for services rendered by his debtor with the understanding that it was gratuitous. 2 Bishop, *supra.*"

The subject is fully discussed, with full citation of authorities, and none to the contrary, in *Mayers v. Kaiser* (Wis.), 21 L. R. A., 623, and with numerous authorities in the notes on pp. 624 to 628. Indeed, it is useless to discuss what amounts to a self-evident proposition unless, reversing the trend of the ·times, we should revert to the days when a man's labor and the control of his time belonged to his creditors.

Affirmed.