William T. Collins, as Receiver in Supplementary Proceedings for Jane Connelly and Another, Trading as Jane Connelly & Co., Appellant, v. Jane Connelly and Another, Trading as Jane Connelly & Co., Respondents.

Supreme Court, Appellate Term, First Department, November 17, 1925.

Supplementary proceedings — action by receiver in supplementary proceedings to recover from employer salary owed defendants, judgment debtors — property of judgment debtors becomes vested in receiver from time of filing order of appointment in supplementary proceedings — said receiver's title extends back to time of service of order or warrant in supplementary proceedings — plaintiff entitled to recover salary due defendants after service of order — error to dismiss complaint.

The property of a judgment debtor, within the meaning of sections 809 and 810 of the Civil Practice Act, subject to certain exceptions, is vested in a receiver in supplementary proceedings from the time of the filing of the order of appointment, and the receiver's title to the personal property of said debtor extends back to the time of the service of the order or warrant in said proceedings.

Accordingly, plaintiff, who was appointed receiver in supplementary proceedings of the defendants herein on February 10, 1923, is entitled to recover from the employer of said defendants the amount of salary owed said defendants from

December 2, 1922, the date of the service of the order in supplementary proceedings, up to and including December 4, 1922, notwithstanding the fact that said salary did not become due until December 4, 1922.

APPEAL by plaintiff from a judgment of the City Court of the City of New York dismissing a complaint on the merits in an action tried by the court without a jury.

*O'Brien, Malevinsky & Driscoll [Benjamin Pepper* of counsel], for the appellant.

*Solomon Goodman [Harry A. Gair* of counsel], for the respondents.

GUY, J.:

Action by the plaintiff, receiver in supplementary proceedings, against the defendants, judgment debtors, to recover salary or compensation owing to defendants from three of the B. F. Keith theatrical companies.

The facts were conceded. During the week commencing November 27, 1922, the defendants, judgment debtors, were engaged to perform as actors at one or more of the Keith theatres, the sum of $750 to be paid the defendants at the end of that week for their services and the services of other persons hired by defendants.

On November 5, 1922, one of the judgment creditors obtained judgment against the defendants in the Municipal Court for $65.30, and the other creditor on the same date in the same court obtained judgment against the defendants for $372.80.

December 2, 1922, a third party order in supplementary proceedings was obtained against the Keiths, and the B. F. Keith Riverside Corporation made an affidavit stating that the defendants had prior to the receipt of the order in supplementary proceedings withdrawn certain moneys on account of the $750 salary, and at the time of the making of the affidavit (December 11, 1922) there was still due and owing by the B. F. Keith Riverside Corporation to the defendants $252.92, which money was deposited with the chamberlain of the city of New York under the order of the City Court interpleading the defendants herein for the Keiths.

On or about February 10, 1923, an order was made in the action of the judgment creditor Elizabeth Leigh against the defendants, by which the plaintiff herein was appointed receiver in supplementary proceedings of the defendants, and on the same date an order was made in the action brought by the other judgment creditor, Bert Leigh, against the defendants extending the receivership to cover the judgment obtained by Bert Leigh. Said orders were filed in the office of the clerk of the county of New York February 14, 1923.

The trial judge dismissed the complaint on the ground that the receiver could only recover for moneys due the judgment debtors under their theatrical contracts on December 2, 1922, the date of the beginning of the supplementary proceedings, and as the $750 balance for the week's work did not become due until December fourth no cause of action was made out.

The decision of the court below seems irreconcilable with the statute. Section 809 of the Civil Practice Act (formerly Code Civ. Proc. § 2468) provides that the property of the judgment debtor is vested in a receiver who is duly qualified " from the time of filing the order appointing him, or extending his receivership, as the case may be," subject to certain exceptions not here material; and section 810 of the Civil Practice Act (formerly Code Civ. Proc. § 2469 in part) provides that " where the receiver's title to personal property has become vested, as prescribed in the last section, it also extends back by relation, for the benefit of the judgment creditor in whose behalf the special proceeding was instituted, as follows:

" 1. Where an order requiring the judgment debtor to attend and be examined, * * * has been served before the appointment of the receiver or the extension of the receivership, the receiver's title extends back, so as to include the personal property of the judgment debtor at the time of the service of the order or warrant.

" 2. Where an order or warrant has not been served, as specified in the foregoing subdivision, but an order has been made requiring a person to attend and be examined concerning property belonging, or a debt due, to the judgment debtor, the receiver's title extends to the personal property belonging to the judgment debtor, which was in the hands or under the control of the person or corporation thus required to attend, at the time of the service of the order, and to a debt then due to him from that person or corporation."

There is no room here for interpretation or construction, for the act must mean what it plainly says — that the property of the judgment debtor is (subject to certain exceptions) vested in the receiver from the time of filing the order appointing him, and that the receiver's title to the personal property of the debtor extends back to the time of the service of the order or warrant in the supplementary proceeding. If the statute did not vest the receiver with the title to the debtor's property as of the date of the order appointing the receiver there would be no reason for extending it back to the time of the service of the warrant or order.

In *Reynolds* v. *Ætna Life Insurance Co.* (160 N. Y. 635, 648) the court, speaking of the rights of the plaintiff therein,

a receiver in supplementary proceedings, says: " What the plaintiff acquired was the legal title to the policies and all the rights of the judgment debtor under them at the time of the plaintiff's appointment."

In *McCorkle* v. *Herrman* (117 N. Y. 297) Judge ANDREWS, writing the opinion of the court, says (p. 301): " By section 2468 of the Code of Civil Procedure [now Civ. Prac. Act, § 809], the property of a judgment debtor is vested in a receiver appointed in supplementary proceedings, who has duly qualified, ' from the time of the filing of the order ' appointing him * * *. By section 2469 [Civ. Prac. Act, § 810], when an order for the debtor's examination has been served, the receiver's title, when vested pursuant to section 2468, ' extends back, so as to include the personal property of the judgment debtor, at the time of the service of the order ' * * *. Section 2469 is a new provision, not found in the former Code, and appears to have been inserted to change the rule declared in *Becker* v. *Torrance* (31 N. Y. 631) to the effect that no equitable lien was acquired by a creditor on the property of his debtor by the commencement of supplementary proceedings, and that when a receiver is appointed his title relates to the date of his appointment, and is subject to any lien on the debtor's property acquired by third persons intermediate the commencement of the proceedings and the appointment of the receiver."

Nevertheless there is authority for the decision of the trial judge fixing and limiting the receiver's title to property owned by the debtor at the time of the beginning of the proceeding. In *Matter of Trustees of Board of Publication* (22 Misc. 645) the rule was laid down that proceedings supplementary to execution are directed against property which at the time of the order for his examination the judgment debtor has in his possession or under his control, or which is actually due to him, and that no property subsequently acquired can be reached. An examination of the many cases cited in support of the rule enunciated discloses that some of them passed upon the scope of the injunction contained in the order for the debtor's examination limiting the injunction to the debtor's disposing of property owned by him at the time of the service of the order, and that in so far as the cases hold that the proceedings are limited to property owned by the debtor at that time the decisions in such cases were made under the Code of Procedure prior to 1862. (*Potter* v. *Low*, 16 How. Pr. 549; *Stewart* v. *Foster*, 1 Hilt. 505; *McCormick* v. *Kehoe*, 7 N. Y. Leg. Obs. 184.) Down to 1862 the statute did not vest title in a receiver in supplementary proceedings, but in that year section

298 of the Code of Procedure was amended (Laws of 1862, chap. 460) by providing that the receiver " shall be vested with the property and effects of the judgment debtor from the time of the filing and recording of the order as aforesaid." (See *Becker* v. *Torrance*, 31 N. Y. 631, 640.)

For the doctrine laid down in *Dubois* v. *Cassidy* (75 N. Y. 298), that a receiver in supplementary proceedings becomes vested only with such property as the judgment debtor had at the time of the commencement of the proceeding, the court cites *Campbell* v. *Genet* (2 Hilt. 290), a case decided by the Common Pleas in 1859, prior to the amendment vesting title in the receiver.

The decision in *Matter of Trustees of Board of Publication (supra)* was followed by the Appellate Division, Second Department, in *Kroner* v. *Reilly* (49 App. Div. 41). While the same court .in *People ex rel. Duvall* v. *Cocks* (162 App. Div. 453) restates the same rule it appears that the receiver in that case was appointed eighteen months before the debtor became entitled to the property which was sought to be reached in the proceeding.

In *Norcross* v. *Hollingsworth* (83 Hun, 127, 129, 130) the General Term in the same department, speaking of the rights of a receiver in supplementary proceedings, says: " The plaintiff represents Stegman's creditors, and he has title to such property as Stegman possessed individually at the date of the appointment. * * * The receiver took title to such property as Stegman possessed or was entitled to at the date of the order appointing him. He takes no title to after acquired property, and cannot, therefore, claim or enforce any rights which became vested in the debtor subsequent to the order appointing him receiver."

In *Boynton* v. *Seibert* (33 Misc. 310) the court refused to follow the rule laid down in *Matter of Trustees of Board of Publication (supra)* and citing *Reynolds* v. *Ætna Life Insurance Co.* (160 N. Y. 635) held that the receiver became vested with all the rights which the debtor had at the time of the receiver's appointment.

I have not found any decision of the Appellate Division in the First Department directly applicable. The respondent contends that *Wrede* v. *Gilley* (132 App. Div. 293) sustains the judgment appealed from herein. In the *Wrede* case the dispute was between a receiver in supplementary proceedings of the judgment debtor owning a seat on the Stock Exchange and a trustee in bankruptcy. The receiver had been appointed within four months of the bankruptcy and, therefore, in the absence of any other fact, the appointment of the trustee in bankruptcy would supersede the receivership; but as the court held that the title of the receiver related back to the date of the service of the order in supplementary

proceedings, which was more than four months prior to the bankruptcy, the rights of the receiver were held superior to those of the trustee. This decision does not, as I take it, mean that the receiver could take no title to the property of the judgment debtor as of the date of his appointment, but that, following the terms of the statute, it extended back to the time of the service of the order in the supplementary proceeding.

It follows that the judgment must be reversed, with costs, and judgment directed for plaintiff for the amount demanded in the complaint, with costs.

All concur; present, Guy, Bijur and Mullan, JJ.