HILL *v.* THE CENTRAL TRUST CO.

(Decided February 18, 1929.)

*Mr. S. Rotter,* for plaintiff in error.
*Messrs. Paxton & Seasongood,* for defendant in error.

Ross, J. This case comes into this court on error from the court of common pleas of Hamilton county, wherein a judgment was made requiring plaintiff in error, Parvy Hill, a judgment debtor, to pay to the defendant in error the sum of $125 per month out of his net earnings.

The judgment complained of was made in a proceeding to examine the judgment debtor, and, after a hearing, it was disclosed that his estimated gross earnings were approximately $9,000 per year, and his estimated overhead and expenses $6,600 per year,

leaving an estimated net earning of some $2,400, or approximately $200 per month. It is further disclosed by the evidence that the judgment debtor had no bank account, paid all of his bills in cash, and turned all his net receipts over to his wife immediately upon realizing upon services performed as a dentist.

The defendant in error attempts to justify the judgment of the court below under Sections 11725 and 11781, General Code. Neither of these sections, in our opinion, authorizes the judgment made by the trial court, and we do not find in the statutes of this state any authority for such judgment, nor is there any authority under the common law for a judgment of this character.

Section 11725, General Code, merely provides what exemptions are allowed a judgment debtor. Section 11781 provides for the sequestration of the property of the judgment debtor, or for the application of money due him to the satisfaction of judgments against him. The unearned return for services to be rendered by the dentist cannot be considered "property," nor "money due to him." We do not think that the qualifying words of the judgment requiring that the monthly payment of $125 be made out of "net earnings" bring the judgment within the provisions of Section 11781, General Code.

Our attention is, also called to Section 11782, General Code, which provides for the appointment of the sheriff of the county or other suitable person as receiver of the property of the judgment debtor; and, further, for an injunction, forbidding transfer or other disposition of the property of the judgment

debtor not exempt by law. In our opinion, the same objection to the application of this section arises as arises to the application of Section 11781, in that, as far as the judgment debtor was concerned at the time the judgment was entered, there was no property of which the sheriff could become the receiver, or which could be made the subject-matter of an injunction. The prospective earnings, gross and net, are entirely hypothetical, and not property. See *Lape* v. *Lape,* 28 O. C. A., 108, 110, 30 C. D., 94, affirmed 99 Ohio St., 143, 147, 124 N. E., 51, 6 A. L. R., 187.

Finding no authority in law for the judgment of the court below, requiring Parvy Hill to pay to the defendant in error $125 per month out of his net earnings, that portion of the judgment is vacated and set aside.

*Judgment accordingly.*

CUSHING, P. J., and HAMILTON, J., concur.