Oriole Textile Co., Inc., Judgment Creditor, *v.* Robert Silk & Woolen Co., Inc., and Others, Judgment Debtors.

City Court of New York, New York County, October 7, 1932.

*Jacob L. Holtzmann,* for the judgment creditor.

*Clarence H. Seigle,* for the judgment debtor Adolph Paleias.

Noonan, J. There are two motions — one by the judgment debtor to vacate a third-party order served on the Equitable Life Assurance Society of the United States and the other by the judgment creditor for the appointment of a receiver.

In support of the third-party order it appears that the judgment debtor was entitled, under an accident and health policy issued by the third party, to certain payments of disability benefits and that prior to the service of the third-party order he had been paid some of these benefits in installments by the third party and that at the time of the service the third party owed to the judgment debtor another installment, which was withheld by the third party as a result of the service of the third-party order. Since these

benefit payments were paid to the judgment debtor and are to be paid to him under a policy in which no third party is interested as beneficiary and to which the judgment debtor alone has title, these moneys may be reached in supplementary proceedings. Section 55-a of the Insurance Law (as added by Laws of 1927, chap. 468) does not apply, since that section is enforcible only where the beneficiary of the insurance policy is a person other than the insured. (*Lion Credit Union* v. *Gutman*, 148 Misc. ——.)

The third-party order is attacked on two grounds: *First*, it is urged that prior to the service of the present third-party order a prior third-party order was served upon the same third party and that said prior third-party order was vacated by order of this court. It is argued that the fact that this prior third-party order was vacated prevents the judgment creditor from obtaining another. It appears, however, that the prior third-party order was vacated under a misapprehension of the judgment creditor's attorney that the proceeding had been closed. While it is true that at the time of the issuance of the first third-party order the examination of the judgment debtor had been closed, the proceeding had been specifically kept open by order of the court for the examination of witnesses. When the motion was made to vacate the prior third-party order the judgment creditor's attorney was unable to inform the court with accuracy as to whether or not the proceeding had been terminated. The court informed him at the time that since he was unable to give such information, the prior third-party order would be vacated, but permission was given to serve another third-party order in the event that it was ascertained that the proceeding had not been closed. The judgment creditor's attorney has since discovered that the supplementary proceedings were not terminated as to third parties and has obtained this second third-party order against the same third party which is now under attack.

It seems to me that, under such circumstances, the contention of the judgment debtor that the vacation of the first third-party order prohibits the service of the present one should not prevail.

The other objection to the present third-party order is that it has no force with relation to the property of the judgment debtor acquired, or to be acquired subsequent to the service of the order for the examination of the judgment debtor in supplementary proceedings. The judgment debtor was served with an order for his examination in supplementary proceedings on June 24, 1932, and there is no question that this service was prior to the service of the present third-party order. In support of this contention the judgment debtor relies on the case of *Matter of Trustees of Board of Publication* (22 Misc. 645). It is true that this case seems

to so hold but since it appears here that the judgment creditor has also made a motion for the appointment of a receiver, the authority of the case cited has been overthrown by the decision of *Collins* v. *Connelly* (125 Misc. 871). The third-party order, therefore, should remain in effect, so that the receiver to be appointed, and after he shall qualify, should be in the position to take the moneys in the hands of the third party and apply them to the satisfaction of the judgment.

The motion to vacate the third-party order is denied. The motion to appoint a receiver is granted, with ten dollars costs, and Philip J. Dunn, 70 Pine street, New York city, is appointed a receiver of the judgment debtor and the amount of his bond is fixed in the sum of $400. Submit orders.