## BUTLER v. RAND et al.
### No. 7270.

District Court, E. D. New York.
Feb. 16, 1935.

Riegelman, Hess & Hirsch, of New York City (Harry F. Mela and Walter J. Fried, both of New York City, of counsel), for plaintiff.

Jacobson, O'Neill & Baum, of New York City (Bernard H. Baum, of New York City, of counsel), for defendants Jacob H. and Nettie Rand, Breakstone Bros., Inc., and Rand Tea & Coffee Stores, Inc.

Louis D. Schwartz, of New York City, for defendant Eppens Smith Co., Inc.

### MOSCOWITZ, District Judge.

In this proceeding the trustee in bankruptcy of Jacob H. Rand seeks to set aside a transfer made by Jacob H. Rand to his wife, Nettie Rand, on or about July 15, 1932, of 95 shares out of a total of 100 shares issued of the capital stock of the Rand Tea & Coffee Stores, Inc., and also to set aside a pledge given to the defendants Eppens Smith Company, Inc., and Breakstone Bros., Inc., as collateral security.

At the conclusion of the trial, the court decided all issues, but reserved for consideration the question whether the aforesaid 95 shares of stock were owned by Jacob H. Rand or his wife, Nettie Rand.

It appears that during June and July of 1932, the life of the defendant Jacob H. Rand was insured under several policies wherein his wife, the defendant Nettie Rand, was named as the beneficiary in the event of his death, and that in all of these policies the right to change the beneficiary, to surrender the respective policies, and to borrow by loans against the same were reserved to the insured, Jacob H. Rand.

In the latter part of June, 1932, Jacob H. Rand borrowed approximately $5,000 upon the insurance policies then existing in favor of his wife as beneficiary. The checks issued by the insurance company were made payable to the order of Jacob H. Rand, and thereafter and on or about July 15, 1932, the latter drew his personal check on his account to the order of Rand Tea & Coffee Stores, Inc., and this corporation upon receipt of the check issued 95 shares of its capital stock to Nettie Rand, 1 share to Jacob H. Rand, and 3 shares to certain other persons.

Counsel stipulated that the defendant Jacob H. Rand was insolvent at the time of the aforesaid transactions, and it appears to be uncontroverted that at the time Nettie Rand obtained the shares of stock from the Rand Tea & Coffee Stores, Inc., her husband was not indebted to her, and she gave no consideration for the said stock.

Under these circumstances, the right of the trustee herein to recover the 95 shares of stock issued to Mrs. Rand is not seriously questioned, unless there is validity to the argument that the stock or any rights thereto were exempt from the claims of Jacob H. Rand's creditors by reason of section 55-a of the Insurance Law of the state of New York (Consol. Laws N. Y. c. 28). This section of the Insurance Law provides: "Rights of creditors and beneficiaries under policies of life insurance If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy

is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person; provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid with intent to defraud creditors, with interest thereon, shall enure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless before such payment the company shall have written notice, by or in behalf of a creditor, of a claim to recover for transfer made or premiums paid with intent to defraud creditors, with specification of the amount claimed."

Even if it be unquestionably assumed that moneys loaned from the insurance company upon the security of a policy is equivalent to "proceeds and avails" within the meaning of the statute, I am convinced that the facts involved herein are insufficient to serve as a basis for defeating the claim of the trustee. The loans were paid directly to the insured; nothing in the record indicates that he did not receive the moneys as his own. That he may have intended at some future date to use part of the proceeds thereof to purchase stock for his wife, the beneficiary under the policy, cannot alter the plain circumstance that the "proceeds and avails" of the policy were never actually received by the beneficiary. They were paid, rather, to the insured, deposited in his personal bank account, and retained by him at all times. No agency was established, and no theory of trust may be invoked, for it is manifest that the insured had an undoubted right to the moneys loaned, subject only to the claims of his creditors. The latter, perhaps, could not have looked to moneys loaned under the policy and received by the "lawful beneficiary * * * other than the insured." But the facts plainly indicate that the moneys were received by the insured, retained as his own, and accordingly by reason of the plain intendment of the statute the insured himself cannot claim the moneys which he received under the policy to be exempt from the claims of his creditors. See Lion Credit Union v. Gutman, 148 Misc. 620, 265 N. Y. S. 479; Oriole Textile Co. v. Robert Silk & Woolen Co., 147 Misc. 524, 265 N. Y. S. 447; Herbach v. Herbach, 148 Misc. 33, 265 N. Y. S. 144.

Schwartz v. Holzman (C. C. A.) 69 F. (2d) 814, principally relied upon by the defendants Jacob H. and Nettie Rand, does not contravene this view. There it was held that the cash surrender value of a policy on a bankrupt's life was "proceeds and avails" of the policy within the meaning of section 55-a, and was exempt from the claims of creditors of the insured if it was promptly paid over to the beneficiary under the policy. It was the actual receipt of the cash surrender value by the beneficiary which operates to make the provisions of the statute applicable.

The stock in question represents the subject-matter of a transfer made by the insured to the beneficiary without consideration, for it was purchased with the funds of the insured and not with proceeds and avails of the policy which were received by the "lawful beneficiary * * * other than the insured." Accordingly, the trustee herein is entitled to the decree prayed for against the defendants Jacob H. and Nettie Rand, subject to the rights of defendants Eppens Smith Company, Inc. and Breakstone Bros., Inc.

Settle decree on notice.