MOTOR FINANCE COMPANY v. J. CLAUDE PUTNAM.

(Filed 1 December, 1948.)

**1. Contempt of Court § 2b—**

An employer cannot be held in contempt for paying salary accruing to a judgment debtor after issuance and service on the employer of an order in proceedings supplemental to execution, since the order, properly construed, speaks as of the date of its issuance, and since in law the order could not apply to prospective earnings of the judgment debtor. G.S. 1-368.

**2. Execution § 25—**

Prospective earnings of the judgment debtor are neither property nor a debt, and may not be reached in supplemental proceedings against the employer of the judgment debtor. G.S. 1-358, G.S. 1-360.

APPEAL by plaintiff from *Burney, J.,* 17 August, 1948, in proceedings supplemental to execution in the Superior Court of NEW HANOVER County.

The plaintiff, Motor Finance Company, recovered a judgment against the defendant, J. Claude Putnam, an employee of Radio Station WMFD. Execution was issued, and returned unsatisfied. The plaintiff then instituted proceedings supplemental to execution against the Radio Station under Article 31 of the General Statutes, and obtained an order from the

Clerk of the Superior Court, requiring R. A. Dunlea, an officer of the Radio Station, to appear before the Clerk at his office in the courthouse on 7 January, 1948, for examination under G.S. 1-360, and forbidding Radio Station to make any disposition of "the property of J. Claude Putnam not exempt from execution or any debt due to the said J. Claude Putnam until further orders in the premises." This order was issued and served 23 December, 1947.

Radio Station WMFD has never had any property of the defendant in its possession, and was not indebted to him in any way when the above order was signed and served. But between 23 December, 1947, and 7 January, 1948, the Radio Station paid $100.00 to Putnam for salary accruing subsequent to 23 December, 1947. The record does not affirmatively disclose that Radio Station WMFD is a legal entity, or what duties were assigned by it to Dunlea. It is assumed here, however, that the Radio Station is a corporation, and that Dunlea had complete charge of its affairs at the times in controversy.

Dunlea appeared before the Clerk at the time and place specified in the order of 23 December, 1947, and was examined on oath by counsel for plaintiff, who thereby discovered that Radio Station WMFD had made the payment of salary set forth above. The plaintiff thereupon moved that the Radio Station and Dunlea be attached as for a contempt of court under G.S. 1-368 on the ground that the payment was made in willful disobedience of the order of 23 December, 1947. While the record is silent on the point, it is assumed here that the contempt proceedings were initiated by an order to show cause in conformity to G.S. 5-7.

At the hearing, the court found and adjudged in substance that Radio Station WMFD and Dunlea had not disobeyed the order and were not guilty of any contempt. From judgment accordingly, the plaintiff appealed.

*Walton Peter Burkhimer for plaintiff, appellant.*
*J. Hardie Ferguson for Radio Station WMFD and R. A. Dunlea.*

ERVIN, J. The order of the Clerk forbade Radio Station WMFD to make any disposition of "the property of J. Claude Putnam not exempt from execution or any debt due to the said J. Claude Putnam until further orders in the premises."

The plaintiff asserts that the Radio Station willfully disobeyed the order by paying to the defendant salary accruing after the issuance and service of the order, and that by reason thereof the court below erred in refusing to punish the Radio Station and its general manager, Dunlea, as for a contempt under G.S. 1-368.

The plaintiff's position is untenable because the order could apply only to property owned by the judgment debtor, Putnam, or to debts due to him on 23 December, 1947, the day whereon the order was issued and served. This is true for two reasons. In the first place, the order itself, when properly construed, spoke as of that date.

Besides, the order would have been without support in law if it had undertaken to subject to the plaintiff's demands the prospective earnings of the judgment debtor. The order was entered in a proceeding supplemental to execution against a third person, and was predicated upon sections 1-358 and 1-360 of the General Statutes. When these statutes are read either singly or as a component part of Article 31 of the General Statutes, it is plain that a supplemental proceeding against a third person is designed to reach and apply to the satisfaction of the judgment property of the judgment debtor in the hands of the third person or debts due to the judgment debtor by the third person at the time of the issuance and service of the order for the examination of the third person. Prospective earnings of a judgment debtor are entirely hypothetical. They are neither property nor a debt. *Hill v. Central Trust Co.,* 33 Ohio App. 204, 168 N. E. 768.

While there seems to be no decision of this Court upon this precise problem, our conclusion finds full support in the well considered opinions is *Osborne v. Wilkes,* 108 N. C. 651, 13 S. E. 285, and *Guano Co. v. Colwell,* 177 N. C. 218, 98 S. E. 535, where it is said that the statutes relating to supplemental proceedings are not intended to give a judgment creditor a "lien upon the debtor's skill or attainments."

Moreover, our statutes concerning proceedings supplemental to execution were adopted from New York, where it has been steadfastly held under the original statutes that "future earnings, wages, or salaries to become due, or which become due after service of the order for examination, cannot be reached by supplementary proceedings." 23 C. J., Executions, section 943, and cases cited. The basis for this ruling is set forth in an exhaustive opinion in *Re Trustees of Board of Publication and Sabbath-School Work,* 22 Misc. Rep. 545, 50 N. Y. S. 171, where it is said: "Proceedings supplementary to execution are directed against property which, at the time of the order for his examination, the judgment debtor has in his possession or under his control, or which is actually due to him, and . . . no property subsequently acquired, and no future earnings of any kind, and no earnings for personal service rendered within 60 days preceding such order, if necessary for the use of his family, can be reached. The same rule applies to all supplementary proceedings against third persons, for every one of them proceeds upon an allegation to the effect that the third party has certain property belonging to the

judgment debtor which then and there ought to be applied toward the satisfaction of the claim of the judgment creditor."

For the reasons given, the order of the Clerk had no application to salary accruing to the judgment debtor after its issuance and service, and the judgment of the court below must be

Affirmed.