EMMA JEAN HARRIS, ADMINISTRATRIX OF THE ESTATE OF JAMES ROBERT HARRIS, DECEASED v. JERRY HINSON

No. 8720SC64

(Filed 15 September 1987)

**Execution § 16— future earnings—supplemental proceedings not permitted**
    Proceedings supplemental to execution will not be permitted as to future earnings; therefore, the trial court properly denied plaintiff's petition for the appointment of a receiver to receive defendant judgment debtor's wages, disburse an amount to defendant for the reasonable living expenses of defendant and his family, and apply the balance to the judgment.

APPEAL by plaintiff from *Davis (James C.), Judge.* Order entered 25 October 1986 in Superior Court, ANSON County. Heard in the Court of Appeals 9 June 1987.

*Robert E. Little, III, and F. O'Neil Jones for plaintiff appellant.*

*Henry T. Drake for defendant appellee.*

COZORT, Judge.

The plaintiff, Emma Jean Harris, filed a civil action for wrongful death against Jerry Hinson, defendant herein, who shot and killed her husband on 12 August 1979. On 12 October 1983, a jury returned a verdict of $35,000.00 in the plaintiff's favor. On 18 June 1984 an execution was issued to satisfy the judgment. The execution was returned unserved on 14 July 1984, with the deputy sheriff checking the box on the return indicating that he did not locate property on which to levy. In May of 1984, the defendant had filed a motion to have declared exempt his home and personal property. The Clerk of Superior Court issued an order declaring the property exempt from execution. On 5 November 1985, a second execution was issued. The record is silent as to the results of that attempt to satisfy the judgment.

On 27 March 1986, the plaintiff filed a motion to examine the defendant's tax returns and cancelled checks for 1982, 1983, 1984, and 1985. On 16 April 1986, Superior Court Judge H. H. Walker entered an order granting the plaintiff's motion and directing the defendant to appear before the Clerk of Superior Court of Anson County on 24 April 1986 with the documents. On 24 April 1986, the defendant filed an affidavit averring: "1. That he is employed by the Seaboard Railroad as an hourly employee. 2. That he obtains from his employer earnings for his personal services. 3. That the earning record from my employer is necessary for the use of a family supported by my labors. [*sic*]"

On 18 June 1986, the plaintiff filed a verified petition requesting the court to appoint a Receiver to receive the defendant's wages and "to make reasonable disbursement to the defendant for his living expenses and apply the balance to the Judgment herein." In support of the request, plaintiff alleged that the defendant "has the substantial income in excess of $35,000.00 a year, and has an income sufficient to pay the Judgment against the plaintiff [*sic*], but that the defendant is defrauding the plaintiff in expending his income and secreting his income such as to present the appearance of being insolvent, and that the defendant's income greatly exceeds his needed expenses to exist . . . ." The plaintiff further alleged that "unless a Receiver of the same is appointed by this Court the defendant will conceal or dispose of his property and collect and conceal the amounts due to the plaintiff . . . ."

On 25 October 1986, Superior Court Judge James C. Davis entered an order denying the plaintiff's petition to appoint a receiver. The order made no factual findings as to the allegations made by plaintiff in her 18 June 1986 petition or as to the affidavit filed by defendant on 24 April 1986. Instead, the trial court concluded, as a matter of law:

> That the Courts in the State of North Carolina cannot, through supplemental proceedings on execution, order a receiver to receive a person's wages in order to satisfy a judgment rendered in this State.

Plaintiff appeals. Regrettably, we must affirm.

N.C. Gen. Stat. § 1-362 provides:

The court or judge may order *any property*, whether subject or not to be sold under execution (except the homestead and personal property exemptions of the judgment debtor), in the hands of the judgment debtor, to be applied towards the satisfaction of the judgment; *except* that the earnings of the debtor for his *personal services*, at any time within 60 days next preceding the order, *cannot be so applied* when it appears, by the debtor's affidavit or otherwise, that these earnings are necessary for the use of a family supported wholly or partly by his labor. (Emphasis added.)

This statute has been expanded by our Courts to preclude the execution on *any* future earnings to satisfy a judgment. Our Supreme Court has held that "[p]rospective earnings of a judgment debtor are entirely hypothetical. They are neither property nor a debt. *Hill v. Central Trust Co.*, 33 Ohio App. 204, 168 N.E. 768." *Finance Co. v. Putnam*, 229 N.C. 555, 557, 50 S.E. 2d 670, 671 (1948). According to *Putnam* our statutes regarding proceedings supplemental to execution were designed after those of the State of New York, "where it has been steadfastly held . . . that 'future earnings, wages, or salaries to become due, or which become due after service of the order for examination, cannot be reached by supplementary proceedings.'" *Id.* (citation omitted). *Putnam* states that the basis for the rule was set out in *In Re Trustees of Board of Publication and Sabbath School Work*, 22 Misc. 645, 50 N.Y.S. 171 (1898). *Id.* That case held:

Supplementary proceedings do not affect property acquired after they have been commenced [citations omitted]; and earnings becoming due after the service of the order for examination cannot be reached [citation omitted]; and this is so as to future earnings, though they were to become due under an existing agreement to pay a royalty on goods to be manufactured. [Citation omitted.] If it is doubtful whether the money was earned before or after the order, the debtor is entitled to the benefit of the doubt. [Citation omitted.] So, the salary of a public officer, while in the hands of a disbursing officer in common with other money, cannot be reached. [Citations omitted.] This rule has been observed so strictly that [in one case], it was held that, under an order granted on a certain day, a salary which does not become payable until the close of that day cannot be reached. And . . . it is further

provided that the statute relating to supplementary proceedings does not authorize the seizure of, or other interferences with, any property which is especially exempt by law from levy and sale by virtue of an execution, and that it does not authorize the seizure of the earnings of the judgment debtor for his personal services rendered within 60 days next before the institution of the special proceeding, when it is made to appear by his oath or otherwise that those earnings are necessary for the use of a family wholly or partly supported by his labor. The intent of the legislature is plain. A debtor's duty to his family is recognized so far that, if he has a family wholly or partly supported by his labor, he may, if necessary, always have 60 days' back earnings exempt; and [it has been] held that this was a humane provision, and should be liberally construed in favor of the debtor.

*Sabbath School Work*, 50 N.Y.S. at 173. Although the soundness of the principle quoted above was questioned on at least two occasions by the New York courts prior to its adoption in *Putnam* by our highest court, [*see Oriole Textile Co., Inc. v. Robert Silk & Woolen Co., Inc.*, 147 Misc. 524, 265 N.Y.S. 447 (1932); and *Collins v. Connelly, et al*, 125 Misc. 871, 212 N.Y.S. 369 (1925)], the courts of North Carolina have held that wages for personal services to be earned constitute neither property nor debt. *Putnam*, 229 N.C. at 557, 50 S.E. 2d at 671; *see also Elmwood v. Elmwood*, 295 N.C. 168, 182, 244 S.E. 2d 668, 676 (1978). With our highest court having confirmed as recently as 1978 that supplemental proceedings will not be permitted as to future earnings, we must affirm the trial court's conclusion of law, even though the facts as alleged by the plaintiff, if true, would seem to indicate a different result may be more equitable.

Under the law as it now stands in this State, a judgment debtor can receive his salary, and dispose of it in any manner he chooses, regardless of whether it contains an amount of funds in excess of what is required to satisfy his and his family's reasonable living expenses. If the debtor elects to accumulate no property other than that which is exempt from execution, even if he squanders his excess funds with the express intent of avoiding paying a judgment that by all laws of principle and fairness he should be made to satisfy, the judgment creditor is, in this State, helpless to collect his judgment.

The law of this State is clear, and unless and until it is altered by the General Assembly or our highest court, we must follow it. The decision of the trial court is therefore

Affirmed.

Judges BECTON and MARTIN concur.