MENTOR LANDSCAPES & SUPPLY CO., INC., Appellant,

v.

CAMPBELL et al., Appellees;

Burrier, Appellant.

[Cite as *Mentor Landscapes & Supply Co. v. Campbell* (1993), 85 Ohio App.3d 507.]

Court of Appeals of Ohio,
Lake County.

No. 92–L–109.

Decided March 29, 1993.

*Carl H. Miller,* for appellants.

*James N. Walters III,* for appellees.

JOSEPH E. MAHONEY, Judge.

This is an accelerated calendar case.

Appellees, Darrell and Grace Campbell, contracted for work to be performed by appellants, Mentor Landscapes & Supply Co., Inc. ("Mentor Landscapes") and Patrick Burrier, on April 20, 1991. Appellees paid half of the contracted price up front. The work was never performed, yet Mentor Landscapes brought suit against appellees for the balance of the contract price. Appellees filed a counterclaim and a third-party complaint against Patrick Burrier.

On March 12, 1992, the Mentor Municipal Court issued an agreed judgment entry. Judgment was granted in favor of appellees upon their counterclaim and third-party complaint, jointly and severally, against Mentor Landscapes and Patrick Burrier in the amount of $1,936 plus interest at the rate of ten percent per annum beginning July 30, 1991. Mentor Landscapes' claim against appellees was dismissed.

Additionally, the trial court noted that appellees agreed to forgo proceedings in aid of execution if the judgment was paid in full within thirty days.

On May 6, 1992, almost two months after the trial court issued its agreed judgment entry, appellees filed a motion for the appointment of a receiver due to appellants' failure to make any payment or even initiate any communication regarding payment. Appellants opposed the appointment of a receiver, and both sides submitted briefs to the trial court.

On June 23, 1992, the court granted appellees' motion for the appointment of a receiver.

Appellants timely filed a notice of appeal with two assignments of error.

Although appellants raise two assignments of error, there is only one issue that needs to be addressed, to wit: whether the trial court had the authority to appoint a receiver as requested by appellees.

The appointment of a receiver is governed by R.C. 1901.13, which provides, in pertinent part:

"(A) In any action or proceeding of which a municipal court has jurisdiction, the court or any judge of the court has the power to do all of the following:

" * * *

"(2) Issue any necessary orders in any proceedings before and after judgment, for attachment or garnishment, arrest, aid of execution, trial of the right of property, revivor of judgment, and appointment of a receiver of personal property, for which authority is conferred upon the courts of common pleas or a judge of the court of common pleas[.]"

Additionally, R.C. 1901.19 provides, in relevant part:

"(A) Subject to the monetary jurisdiction of municipal courts as set forth in section 1901.17 of the Revised Code, a municipal court and a housing or environmental division of a municipal court have jurisdiction within its territory in all of the following actions or proceedings and to perform all of the following functions:

" * * *

"(2) To issue executions on its own judgments;

"(3) In any legal or equitable action or proceeding, to enforce the collection of its own judgments;

" * * *

"(6) In any action or proceeding in the nature of creditors' bills, and in aid of execution, to subject the interest of a judgment debtor in personal property to the payment of a judgment of the court[.]" See, also, *Toledo Edison Co. v. Allen* (1983), 13 Ohio App.3d 108, 13 OBR 126, 468 N.E.2d 373.

Thus, it is evident that a municipal court has the authority to appoint a receiver. Additionally, R.C. 2333.22 provides:

"In proceedings under sections 2333.09 to 2333.27, inclusive, of the Revised Code, the judge by order may appoint the sheriff of the proper county, or other suitable person, a receiver of the property of the judgment debtor. Such judge also, by order, may forbid a transfer, or other disposition of or interference with, the property of the judgment debtor not exempt by law."

Appellants rely on *Hill v. Cent. Trust Co.* (1929), 33 Ohio App. 204, 168 N.E. 768, wherein the Hamilton County Court of Appeals held that the prospective earnings of a dentist are not property and, thus, not subject to a receivership. The instant cause is distinguishable in that Mentor Landscapes is an ongoing business that has property in the form of business assets and inventory. These assets, which clearly constitute property, can be taken, operated, or liquidated by a receiver under the authority of a municipal court.

Appellants' assignments of error are without merit.

For the foregoing reasons, the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

FORD, P.J., and NADER, J., concur.