**JACOBI-LEWIS CO. v. CHARCO ENTERPRISES, INC.**

[121 N.C. App. 500 (1996)]

Affirmed.

Chief Judge ARNOLD and Judge MARTIN, John C., concur.

————————

JACOBI-LEWIS COMPANY, INC., Plaintiff v. CHARCO ENTERPRISES, INC., Defendant

No. COA95-85

(Filed 6 February 1996)

**Execution and Enforcement of Judgments § 77 (NCI4th)— future rental payments as earnings of judgment debtor**

Rental payments expected to be received in the future are earnings, not property, due the judgment debtor for the purposes of applying N.C.G.S. § 1-362, and those rental payments thus cannot be applied in satisfaction of the judgment.

**Am Jur 2d, Executions and Enforcement of Judgments § 155.**

Judge Lewis dissenting.

Appeal by defendant from order entered 1 November 1994 by Judge L. Bradford Tillery in New Hanover County Superior Court. Heard in the Court of Appeals 25 October 1995.

*Wessell & Rainey, by John C. Wessell, III, for plaintiff-appellee.*

*Hogue, Hill, Jones, Nash & Lynch, by Wayne A. Bullard, for defendant-appellant.*

WYNN, Judge.

The issue in this case is whether the trial court erred by finding that future rental payments can be applied in satisfaction of a judgment. Finding future income to be earnings under N.C. Gen. Stat. § 1-362 (1994), we reverse.

In December 1993, plaintiff obtained a judgment against defendant for $13,733.98 plus interest and costs. Execution on personal property of defendant resulted in partial satisfaction of the judgment. In February 1994, defendant entered into a sublease with third parties which obligated them to pay defendant and two other sublessors a

**JACOBI-LEWIS CO. v. CHARCO ENTERPRISES, INC.**

[121 N.C. App. 500 (1996)]

sum of $3,333.33 per month for the first year and $3,500.00 per month for the second in return for a leasehold of real property.

In a supplemental proceeding under N.C.G.S. § 1-31, plaintiff moved the Clerk of Superior Court in New Hanover County to order that defendant's future rental payments be applied towards satisfying the judgment. The clerk concluded that the rent owed defendant constituted property due to defendant in accordance with N.C.G.S. § 1-362 and ordered sublessees to pay one-third of all rental payments to the court to be applied to the judgment. Defendant filed notice of appeal to superior court. Judge L. Bradford Tillery affirmed the clerk's order in its entirety. Defendant appeals.

---

Defendant argues that since North Carolina has exempted future earnings from the definition of property due a judgment debtor for purposes of N.C.G.S. § 1-362, future rental payments should be exempt as well. We agree.

The applicable parts of N.C.G.S. § 1-362 provide:

> The court or judge may order any property, . . . in the hands of a judgment debtor or of any other person, or due to the judgment debtor, to be applied towards the satisfaction of the judgment; except that the earnings of the debtor for his personal services, at any time within 60 days next preceding the order, cannot be so applied when it appears, by the debtor's affidavit or otherwise, that the earnings are necessary for the use of a family supported wholly or partly by his labor.

The statute has been expanded by our courts to preclude execution on any future earnings. *Harris v. Hinson*, 87 N.C. App. 148, 150, 360 S.E.2d 118, 120 (1987). In considering this issue, our Supreme Court has concluded that "[p]rospective earnings of a judgment debtor are entirely hypothetical. They are neither property nor a debt." *Motor Finance Co. v. Putnam*, 229 N.C. 555, 557, 50 S.E.2d 670, 671 (1948).

After full consideration of the issue, we determine that future rental payments are analogous to future earnings. While the amount *expected* is definite and ascertainable, the receipt of the lease payments is neither certain nor quantifiable for purposes of classifying the anticipated payments as property. As a result, we hold that rental payments expected to be received in the future are earnings, not property, due the judgment debtor for the purposes of applying N.C.G.S § 1-362. Accordingly, the order of the trial court is,

Reversed.

Judge JOHN concurs.

Judge LEWIS dissents with separate opinion.

Judge LEWIS dissenting.

I respectfully dissent. While I agree that North Carolina law exempts prospective earnings from being applied to satisfy a judgment, I disagree with the majority that "future rental payments are analogous to future earnings." According to Black's Law Dictionary, Sixth Edition (1990), to *earn* is "to acquire by labor, service or performance." I would hold that the exemption for future earnings should be limited to payments which result as a direct consequence of the debtor's labor or personal application of skill. This point of view is supported by the often stated purpose of exemptions generally: "to provide the debtor and his family with the means of obtaining a livelihood and preventing them from becoming a charge upon the public." *E.g. North Side Bank v. Gentile*, 385 N.W.2d 133, 139 (Wis. 1986).

There is no precedent under North Carolina law which necessitates a finding that the two are analogous. *Harris v. Hinson*, 87 N.C. App. 148, 360 S.E.2d 118 (1987), held that future earnings are exempt from execution. However, real estate lease payments were not at issue. In fact, in its discussion that court only referred to "wages for personal services" and "salary." *Id.* at 151, 360 S.E.2d at 120-21. Furthermore, unlike the earnings exempted in *Finance Co. v. Putnum*, 229 N.C. 555, 50 S.E.2d 670 (1948), the sum to be received under the lease in this case is definite and ascertainable. The amount is not hypothetical. Furthermore, an extension of the majority's logic would exempt interest on C.D.'s and bonds and dividends on stocks.

As a result, I would hold that payments for a lease to be received in the future are property due the judgment debtor for the purposes of applying N.C. Gen. Stat. section 1-362 and would affirm the order of the trial court.