**In re John C. CONNELLY, Debtor.**

**No. 01–11094.**

United States Bankruptcy Court,
W.D. North Carolina,
Asheville Division.

Feb. 27, 2002.

David G. Gray, Asheville, NC, for Debtor.

Roberts & Stevens, P.A., Asheville, NC, trustee.

Linda W. Simpson, Charlotte, NC, U.S. Trustee.

### ORDER SUSTAINING OBJECTION TO EXEMPTION ELECTION

GEORGE R. HODGES, Chief Judge.

This matter was heard before the undersigned, United States Bankruptcy Judge, upon the objection to the debtor's exemption election filed by the United States Bankruptcy Administrator. For the reasons stated herein, the Bankruptcy Administrator's objection is sustained.

#### Factual Background

1. On November 1, 2001 the debtor filed a voluntary chapter 11 proceeding. The debtor filed a Schedule C—Property Claimed as Exempt with his petition. The original exemption election exempted funds in a checking account in the amount of $5,945.98 pursuant to N.C. GEN. STAT. § 1–362. The debtor also exempted a money market account in the amount of $1,427.01 pursuant to N.C. GEN. STAT. § 1C–1601(a)(9). The debtor used the exemption provided by N.C. GEN. STAT. § 1C–1601(a)(2) to exempt eleven turkeys valued at $100 and $3,500 of his interest in a purchase money note and deed of trust.

2. On February 26, 2002, the Bankruptcy Administrator filed an Objection to Exemption Election on December 26, 2001. Specifically, the Bankruptcy Administrator objected to the debtor's claim of exemption under N.C. GEN STAT. § 1–362 of the $5,945.98 in his checking account, arguing that the debtor had not had any earnings in the sixty days prior to filing from his personal services, and that the debtor did not have a family supported wholly or

partly by his labor. In addition, the Bankruptcy Administrator objected to the debtor's claim of exemption under N.C. Gen. Stat. § 1C–1601(a)(9) of the $1,427.01 in a money market account, arguing that the account was not an individual retirement account or part of a retirement plan.

3. On January 11, 2002, the debtor amended his exemption election. The debtor no longer claimed an exemption in the turkeys or his interest in a purchase money note and deed of trust. The debtor changed his exemption of the $1,427.01 in his money market account such that he now claimed this account exempt under N.C. Gen. Stat. § 1–362. Out of the $5,945.98 contained in the debtor's checking account, he claimed $3,500 as exempt pursuant to N.C. Gen. Stat. § 1C–1601(a)(2).

4. The Court heard the Bankruptcy Administrator's objection on February 21, 2002. The Bankruptcy Administrator maintained her objection to the debtor's claim of exemption under N.C. Gen. Stat. § 1–362 arguing that the debtor was not entitled to this exemption as he was a single person without dependents and did not qualify as a "family" as required by the language of N.C. Gen. Stat. § 1–362. The Bankruptcy Administrator withdrew her objection to the remaining exemptions as set forth in the amended exemption election.

### Discussion

■ 5. The issued raised by the Bankruptcy Administrator is whether an unmarried debtor without dependents qualifies as a "family" and is entitled to claim the exemption allowed under N.C. Gen. Stat. § 1–362. The statute provides an exemption for the debtor's earnings for his personal services within the previous sixty days so long as those wages are necessary for the support of a family. For purposes of the exemption, the North Carolina

courts understand the word "family" to imply that the debtor has other dependents who rely on the debtor for support. *See Elmwood v. Elmwood*, 295 N.C. 168, 244 S.E.2d 668 (1978).

6. In *Elmwood*, the court quoted *Goodwin v. Claytor*, 137 N.C. 224, 49 S.E. 173 (1904), for the general rule that exemptions should be liberally construed so as to "embrace all persons coming fairly within their scope." 295 N.C. at 185, 244 S.E.2d at 678. The retirement pay of the debtor in *Elmwood*, a divorced man, had been garnished for alimony and child support arrearages. *Id.* at 178, 244 S.E.2d at 674. The debtor claimed that his retirement pay for the previous 60–day period was exempt pursuant to § 1–362 because this money was necessary for the support of his second family. *Id.* at 177, 244 S.E.2d at 674. The court concluded that the debtor was entitled to the exemption but noted the following reservation:

It would seem reasonable to suppose that what the Legislature of 1870–71 had in mind in enacting this exemption was to protect the *wage-earner's family* from want as against the claims, however just, of his other creditors and that it was not contemplated that the needs of a *wage-earner's second family* should be supplied at the expense of the legitimate claims of his *first family*.

*Id.* at 185, 244 S.E.2d at 678 (emphasis added). It is evident from the language used by the court that it interpreted the word "family" to imply the debtor plus the debtor's dependents.

7. Opinions from the Court of Appeals indicate a similar understanding. In *Harris v. Hinson*, 87 N.C.App. 148, 360 S.E.2d 118 (1987), the court quoted a New York decision as follows, "[t]he intent of the legislature is plain. *A debtor's duty to his family* is recognized so far that, *if he has a family* wholly or partly supported by his

labor, he may, if necessary always have 60 days' back earnings exempt...." *Harris,* 87 N.C.App. at 151, 360 S.E.2d at 120 (quoting *In re Trustees of Board of Publication and Sabbath School Work,* 22 Misc. 645, 50 N.Y.S. 171, 173 (1898) (emphasis added)). Because North Carolina Statutes regarding execution proceedings were modeled after similar laws in New York, that state's interpretation of the exemption is particularly pertinent. *Id.*

8. Another Court of Appeals case that addressed the § 1–362 exemption was *Jacobi–Lewis Co. Inc. v. Charco Enterprises, Inc.,* 121 N.C.App. 500, 466 S.E.2d 338 (1996). In a dissenting opinion, Judge Lewis quoted a Wisconsin opinion stating that the purpose of the exemption is "to provide *the debtor and his family* with the means of obtaining a livelihood and preventing them from becoming a charge upon the public." 121 N.C.App. at 502, 466 S.E.2d at 339 (quoting *North Side Bank v. Gentile,* 129 Wis.2d 208, 385 N.W.2d 133, 139 (1986) (emphasis added)). Judge Lewis dissented from the court's ruling that a debtor's income from lease payments could be exempted on the theory that the § 1–362 exemption only applies to wages for personal services and salaries. *Id.* But it appears that the term "family" as Judge Lewis understands it-implies that the debtor supports other dependents.

9. Finally, North Carolina debtors generally have a great deal of flexibility in claiming and maintaining their exemptions. *Household Finance Corp. v. Ellis,* 107 N.C.App. 262, 266, 419 S.E.2d 592, 595 (1992). However, debtors must demonstrate-not just allege-that their earnings are actually necessary for the support of their families in order to claim a § 1–362 exemption. *Sturgill v. Sturgill,* 49 N.C.App. 580, 586 272 S.E.2d 423, 428

(1980). Failure to do so may result in the denial of the exemption. *Id.*

10. Taken together, case law references to the § 1–362 exemption imply that North Carolina courts would not grant the exemption to a single debtor who has no dependents. That interpretation also comports with the plain meaning of the statute. Absent a State Court decision on this specific issue, it is reasonable to deny a § 1–362 exemption to a debtor who cannot show responsibility for the support of other dependents.

11. Subsequent to the motion, hearing, and ruling on the Bankruptcy Administrator's objection to exemption, the debtor raised by correspondence some additional authority. The court has reviewed this authority and finds it either unpersuasive or not on point. The court does specifically note, however, that this Order is without prejudice to any valid claim of exemption that the debtor may have pursuant to any provision other than N.C. GEN. STAT. § 1–362.

### Conclusion

For the above stated reasons, the court concludes that the debtor should not be permitted to claim an exemption pursuant to N.C. GEN. STAT. § 1–362.

It is, therefore, ORDERED that the Bankruptcy Administrator's objection is therefore SUSTAINED.